HOBSON, Judge.
This is an interlocutory appeal from the trial court’s order denying defendants’ motion to join certain third party defendants stating in part “that the Amended Motion to Join Third Party Defendants does not show that either of the proposed third party defendants, * * * is or may be liable to the defendants * *
The pleadings in the case sub judice set forth the following facts. The plaintiff, Myrtle Barnes, was an aunt and foster mother of the decedent, R. Lee Boling. It is alleged that the relationship between the two was a close confidential one by reason of which she reposed great trust and confidence in the decedent. The plaintiff was the sole owner of $9,000 representing the proceeds of the sale of homes formerly owned by her. She invested these funds in certain shares of Shareholders Trust of Boston in the joint names of the decedent and herself. Thereafter these funds were transferred from Shareholders Trust of Boston to Chase Fund of Boston. Without the knowledge and consent of the plaintiff, the shares of Chase Fund of Boston were registered solely in the name of her foster son, the decedent, R. Lee Boling.
Subsequently these shares of stock in the Chase Fund of Boston were pledged by the decedent as collateral for a personal loan obtained by him. This transaction was also without the knowledge and consent of the plaintiff, Myrtle Barnes. These shares in question are listed in the inventory filed in the estate of R. Lee Boling, subject to the above mentioned pledge.
On December 20, 1965, plaintiffs, G. G. Boling and.Myrtle Barnes, filed their complaint in the Circuit Court of Pinellas County. The complaint asserted that the stock in question had been sold by the decedent and the proceeds wrongfully converted. The plaintiffs requested the court to declare that the defendants were holding the shares of stock in the Chase Fund of Boston as trustees for plaintiffs and that the court grant damages to them for the alleged conversion by the decedent.
Defendants, Patricia P. Boling and the St. Petersburg Bank and Trust Company, filed their answers and defenses denying that the decedent wrongfully converted shares of stock in Shareholders Trust of Boston. As affirmative defenses, the defendants reasserted their earlier denied motion to join the St. Petersburg Bank and Trust Company as an indispensable party to the cause and alleged that all transactions between the deceased and plaintiff, Myrtle Barnes, were conducted with the full understanding, knowledge and consent of both parties.
Subsequently the defendants moved to join Thomson & McKinnon and New England Merchants National Bank, the stock transfer agents for the Shareholders Trust of Boston and the Chase Fund of Boston, as third party defendants and to permit the defendants to serve a third party complaint and summons upon them. The court denied this motion but granted defendants leave to file an amended motion "provided said Amended Motion recites with preciseness and particularity the grounds, basis and theory under which the same are required as Third Party Defendants." (emphasis added)
The amended motion claimed that the stock broker, Thomson & McKinnon, and/or the transfer agent, New England Merchants National Bank, were negligent in permitting the transfer of the jointly held shares in Shareholders Trust of Boston to the Chase Fund of Boston in the sole name of R. Lee Boling. The amended motion further stated that these proposed third party defendants wrongfully and negligently transferred into the name of R. Lee Boling the shares of stock now being held by the defendants as assets of the estate of R. Lee Boling.
*379 On September 28, 1966, the court entered its order denying defendants’ amended motion and stating in part that it did not show that either of the proposed third party defendants were or may he liable to the defendants.
Rule 1.41 of the Florida Rules of Civil Procedure, 30 F.S.A. was incorporated into the Rules in 1965. The last sentence of subsection (a) states:
“A third party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third party defendant.” (emphasis, added)
The 'parties have not cited, nor has our independent research disclosed, any Florida cases construing Rule 1.41. Federal cases interpreting the analogous rule set out in Federal Rule 14 unanimously hold that it is discretionary with the trial court as to whether or not a motion under said rule should be granted. Wetherbee v. Elgin, Joliet and Eastern Ry. Co., 191 F.2d 302 (7th Cir.1951). Therefore, the appellants must show an abuse of discretion on the part of the trial court in order to prevail in this appeal. General Taxicab Assn., Inc. v. O’Shea, 71 App.D.C. 327, 109 F.2d 671 (1940). The appellants have failed to carry the burden placed upon them to show such abuse.
Moreover, the appellants must show that the proposed third party defendants are or may be liable to them. Under the facts herein there is no theory upon which the proposed third party defendants are or may be liable to the appellants. The fact that the proposed third party defendants are or may be liable to the appellees, plaintiffs below, does not bring into play Rule 1.41, as such liability, if any, must be to the appellants, defendants below. The appellants received the fruits of the wrongdoing, if any, of the proposed third party defendants and therefore could in no way be entitled to any relief from them.
Finding no error, the order appealed is affirmed.
LILES, Acting C. J., and KELLY, CLIFTON M., Associate Judge, concur.