**DADE COUNTY, for use and benefit of the**
**Zack Co. v. APGAR & MARKHAM CONSTRUCTION CO., Inc., et al.**
No. 67-6678.

Circuit Court, Dade County.

December 8, 1967.

John L. Britton of Feibelman, Friedman, Hyman & Britton, Miami, for the plaintiff Zack Co.

Darrey A. Davis of Scott, McCarthy, Steel, Hector & Davis, Miami, for defendants Apgar & Markham Construction Co., Inc. and Fidelity & Deposit Company of Maryland.

William M. Hoeveler of Knight, Underwood, Peters, Hoeveler & Pickle, Miami, for third party defendant, Dade County.

Wesley G. Carey of Carey, Dwyer, Austin, Cole & Selwood, Miami, for third party defendant, David Volkert & Associates.

Rex Conrad of Fleming, O'Bryan & Fleming, Fort Lauderdale, for third party defendant, Owens-Corning Fiberglas Corporation.

Arnold I. Levy and Charles C. Papy, Jr., both of Miami, for third party defendant, the Ruberoid Co.

HENRY L. BALABAN, Circuit Judge.

*Order denying motions to dismiss third party complaint and crossclaim:* This cause is before the court upon motions to dismiss the third party complaint of the defendant, Apgar & Markham Construction Co., Inc., and motions to dismiss the subsequent crossclaim of the third party defendant, Dade County, Florida. Such defensive motions necessarily call for interpretation and application of the procedural rules governing third party practice

in Florida. Third party practice involves only a question of practice and procedure, as distinguished from jurisdiction considerations. Schmid v. Saphier, 184 So.2d 908 (4th D.C.A. Fla. 1966).

Third party practice in Florida, as provided by the federal rules, was not specifically permitted by the Florida rules until January 1, 1966. Rule 1.180, Florida Rules of Civil Procedure (formerly Rule 1.41), providing for third party practice and patterned after Rule 14, Federal Rules of Civil Procedure, became effective on January 1, 1966. Consequently, the appellate courts of Florida have not yet been called upon to render very many decisions interpreting and applying the procedural rules governing third party practice. As indicated by the court in Hotel Roosevelt Co., Inc. v. City of Jacksonville, 192 So.2d 334 (1st D.C.A. Fla. 1966), the decisions rendered by courts in the federal jurisdiction interpreting and applying Federal Rule 14 governing third party practice may be appropriately considered and followed in the interpretation and application of the newly adopted third party practice in Florida, where such federal decisions are not in conflict with other Florida procedure rules.

The parties have not cited, nor has independent research disclosed, any Florida cases construing Rule 1.180 in respect to the circumstances presented in this case. In Boling v. Barnes, 198 So.2d 377 (2nd D.C.A. Fla. 1967), the court relied upon federal court decisions in declaring that it is discretionary with the trial court as to whether a motion under the third party practice rule should be granted; and therefore, the appellant must show an abuse of discretion on the part of the trial court in order to prevail on appeal. Although the case of Volkswagen Insurance Company v. Taylor, 201 So.2d 624 (1st D.C.A. Fla. 1967), involves the application of Rule 1.180, such decision does not provide much assistance in the determination of the questions here presented, because of the difference in the factual circumstances.

Rule 1.180, Florida Rules of Civil Procedure, providing for third party practice, is in pertinent part as follows —

(a) WHEN DEFENDANT MAY BRING IN THIRD PARTY. At any time after commencement of the action a defendant as a third party plaintiff may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. . . . A third party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third party defendant.

Rule 1.170(h), Florida Rules of Civil Procedure, relating to counterclaims and crossclaims provides in part as follows —

> (h) ADDITIONAL PARTIES MAY BE BROUGHT IN. When the presence of parties other than those to the original action is required for the granting of complete relief in the determination of a counterclaim or crossclaim the court shall order them to be brought in as defendants as provided in these rules. . .

Rule 1.210, Florida Rules of Civil Procedure, dealing with parties generally, contains the following provisions —

> (a) PARTIES GENERALLY . . . Any person may at any time be made a party if his presence is necessary or proper to a complete determination of the cause . . .

The third party complaint and the crossclaim filed in this cause present for determination the ultimate question of liability for failure of the roof on Transit Shed No. 1 at the Dodge Island Seaport, and the liability of the respective parties for payment of the cost for replacement of the original roofing. It is basic that in passing upon the motions to dismiss, all of the well pleaded allegations of the third party complaint and the crossclaim must be accepted as true. Hopke v. O'Byrne, 148 So.2d 755 (1st D.C.A. Fla. 1963). The court has jurisdiction of the subject matter, and service of process has been had upon the parties. The question involved is whether or not the moving parties have been properly brought in this cause under the applicable procedural rules.

It appears that Dade County, as the owner of the Dodge Island Seaport, contracted with David Volkert & Associates, as architect and engineer, to design Transit Shed No. 1, including the roof covering, and to prepare the plans and specifications. It is alleged that Volkert & Associates is liable for said damages by reason of its improper design, plans and specifications for said roof covering. Pursuant to said plans and specifications, the insulation fiberglass material utilized for construction of the roof covering was manufactured and furnished by Owens-Corning Fiberglas Corporation; and the membrane roof covering called for by the plans and specifications were manufactured by the Ruberoid Co., which also provided detailed specifications and instructions for installation of the roof. It is alleged that said manufacturers are liable for said damages, because the materials were defective and wholly unsuited for such purpose. Dade County awarded to Apgar & Markham Construction Co., Inc., as general contractor, the contract to construct the transit shed, and Dade County refuses to pay to said general contractor the sum of $202,327.49 re-

maining due and unpaid on the contract price specified in said construction contract, because of the failure of the original roof covering. Apgar & Markham Construction Co., Inc. subcontracted the roofing work on the transit shed to the Zack Co. It is alleged that the Zack Co. breached the subcontract by failing to construct the original roof in accordance with the plans and specifications. By change order or amendment to the construction contract, the original roof was removed and replaced by a new and different roof at a cost of $185,308.

On the basis of the claims alleged, the moving parties are necessary and proper for the granting of complete relief in the determination of the questions presented. There is no doubt that either Dade County or Apgar & Markham Construction Co., Inc. could have filed a complaint alleging the identical claims against all the moving parties. However, the moving parties question the procedural method by which they have been made parties to this cause.

The Zack Co., as subcontractor, instituted this action against Apgar & Markham Construction Co., Inc., as general contractor, seeking recovery of the balance claimed due for performance of the roofing work on the transit shed. Apgar & Markham Construction Co., Inc. filed a counterclaim against the Zack Co., and a third party complaint against Dade County, Volkert & Associates, the Ruberoid Co. and Owens-Corning Fiberglas Corporation, claiming that Dade County is liable directly to it for the claim of the plaintiff and that the other named third party defendants are indirectly liable for plaintiff's claim against said defendant. Dade County filed a crossclaim against the Zack Co., Volkert & Associates, the Ruberoid Co. and Owens-Corning Fiberglas Corporation for all of the claim asserted by Apgar & Markham Construction Co., Inc. against the county. Volkert & Associates, the Ruberoid Co. and Owens-Corning Fiberglas Corporation moved to dismiss the third party complaint of Apgar & Markham Construction Co., Inc., and moved to dismiss the crossclaim filed by Dade County. The Zack Co. moved to dismiss Dade County's crossclaim.

The claims asserted in this action involve a "single group or aggregate of operative facts," which feasibly should be determined by the appropriate trier of the facts at the same time in a single action. A narrow construction of the procedural rules would practically limit third party practice to cases of indemnity. To sanction the narrow construction in this instance would be tantamount to an emasculation of third party practice, with a

consequent loss of its beneficient objectives. In consideration of the Florida rules relating to parties and the federal authorities, the court is persuaded to exercise its discretionary power towards a more liberal construction consistent with the objectives sought to be achieved.

A leading authority on the Federal Rules of Civil Procedure asserts —

> The general purpose of Rule 14 is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third-party defendant. 3 Moore, Federal Practice §14.04, at 501 (1964) . . .

See also Dery v. Wyler, 265 F. 2d 804; Agrashell, Inc. v. Bernard Sirotta Company, 344 F. 2d 583.

> Basically, third-party practice as embodied in Rule 14 permits a defendant to assert a claim against another person who may be liable over to him in the event the plaintiff prevails. Prior to the introduction of this device the defendant had to bring a separate action against the third party, after the plaintiff had recovered judgment in the original suit. Under the present Federal procedure the defendant's claim against the person who is secondarily liable to him may be adjudicated in the same action. In this connection, it must be observed that while at common law the aim was, insofar as possible, to limit every action at law to a single controversy between the plaintiff and the defendant, the present Federal civil procedure seeks to achieve the opposite, namely, to determine as many controversies between as many parties as practicable in the same action. Situations within the orbit of the rule are numerous. They comprise cases in which an unsuccessful defendant is entitled to contribution, indemnity, or exoneration from some third person. Other similar situations of secondary liability arise that are not included within this enumeration.
>
> \* \* \*
>
> . . . It is a potent weapon for avoiding circuity of action, and eliminating the cost, the delay, and the burden of additional and unnecessary law suits, thereby not only aiding the parties but also assisting the courts with congested dockets.
>
> HOLTZOFF, Entry of Additional Parties in a Civil Action, 31 F.R.D. 101, 105.

The purpose of the rule is the desirable one of preventing a multiplicity of actions arising out of the same basic claim. Cass v. Brown, 41 F.R.D. 285.

A difference in the legal nature of the respective claims constitutes no inhibition to the utilization of third party practice. A third party claim on contract has been permitted where the

main action sounded in tort, Watkins v. Baltimore R. Co., 29 F. Supp. 700; and in an action on contract, a third party claim in tort was permitted, Davis v. Associated Indemnity Corp., 56 F. Supp. 541; and in an action for negligence, a third party claim for breach of warranty was permitted, Sanders v. Southern Dairies, Inc., 30 F. Supp. 150.

In Boling v. Barnes, 198 So.2d 377 (2nd D.C.A. Fla. 1967), the court pointed out that it must appear that the third party defendants are or may be liable to the third party plaintiff, and it is not sufficient that the third party defendants are or may be liable to the plaintiff alone. This condition is fulfilled in the present action.

With respect to the claims of Dade County asserted by cross-claim against the moving parties, Rule 1.180 expressly provides that "a third party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third party defendant." Admittedly, Dade County is a proper and necessary third party defendant appropriately brought into this action by the defendant, Apgar & Markham Construction Co., Inc., as third party plaintiff. Under the theory of the third party complaint, Dade County is or may be liable to said defendant and third party plaintiff for all of plaintiff's claim against it. Therefore, the rule expressly authorizes Dade County to assert claims against the moving parties for liability for all or part of Apgar & Markham's claim against Dade County. Thus, successive impleader is specifically authorized by the provisions of Rule 1.180. In one case five successive impleader proceedings were had. Bevemet Metais. LTDA v. Gallie Corp., 3 F.R.D. 352. Since the moving parties are properly in this suit as parties, it is immaterial whether they are initially in this cause pursuant to claims asserted by Apgar & Markham or Dade County. Under the pleadings before the court, they are necessary parties for the proper determination of the cause. No useful purpose may be served by requiring either Dade County or Apgar & Markham, or both, to institute new suits involving the same related facts and the identical parties.

It is therefore ordered and adjudged as follows —

1. That Volkert & Associates, the Ruberoid Co., and Owens-Corning Fiberglas Corporation are proper and necessary parties for the complete determination of this cause. The presence of said parties is required for the granting of complete relief in the

determination of the crossclaim filed by Dade County. Said parties are proper third party defendants to the counterclaim and third party complaint filed by the defendant, Apgar & Markham Construction Co., Inc.

2. The respective motions of the Zack Co., Volkert & Associates, the Ruberoid Co., and Owens-Corning Fiberglas Corporation, to dismiss the crossclaim of Dade County are denied.

3. The respective motions of Volkert & Associates, the Ruberoid Co., and Owens-Corning Fiberglas Corporation, to dismiss the third party complaint of Apgar & Markham Construction Co., Inc., are denied.

4. That the Zack Co., Volkert & Associates, the Ruberoid Co. and Owens-Corning Fiberglas Corporation shall file and serve their respective answers to the crossclaim of Dade County within twenty days after the date of this order.

5. That Volkert & Associates, the Ruberoid Co., and Owens-Corning Fiberglas Corporation shall file and serve their respective answers to the third party complaint of Apgar & Markham Construction Co., Inc. within twenty days after the date of this order.