CARROLL, DONALD, K., Judge.
The defendants in a mortgage foreclosure action have taken this interlocutory appeal from two orders entered by the Circuit Court for Marion County, which orders, inter alia, relieved the plaintiffs from answering certain interrogatories and sustained their objections to a third party complaint filed by one of the defendants.
The basic question presented by this interlocutory appeal is whether the said orders were properly entered by the court.
In the course of this action the defendants, pursuant to Rule 1.280, Florida Rules of Civil Procedure, 30 F.S.A., propounded interrogatories to the plaintiffs-mortgagees concerning the amounts paid and in default in the mortgages sued upon by the plaintiffs, namely, the amount of both principal and interest delinquencies existing as of the date this action was filed on each of the mortgages; the amount of all premiums required to be paid on any fire, windstorm, or other insurance required in the mortgages sought to be foreclosed; and the amount of the principal balance unpaid as of the date this action was filed on each of the mortgages. These subjects are, in our opinion, proper subjects of interrogatories in this action under our procedural rules.
The interrogatories were propounded to the plaintiffs by the defendants pursuant to Rule 1.340, Florida Rules of Civil Procedure. This rule provides that any party may serve on any other party written interrogatories which “may relate to any matters which can be inquired into under Rule 1.280(b). . . . ” The last-named rule provides that a deponent “may be examined regarding any matter, not privileged, which is relevant to the subject matter of the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents or other tangible things and the identity and location of persons having knowledge of relevant facts. It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.”
In our opinion, the matters inquired into in the interrogatories before us are “relevant to the subject matter of the pending action” and within the proper scope of written interrogatories to parties under Rules 1.340 and 1.280(b), and so we hold that the court erred in entering the first order appealed from herein, relieving the plaintiffs from answering the said interrogatories.
In the second order appealed from herein the court denied the motion filed by the defendant Wilkes for leave to file and serve a counterclaim and third party complaint and sustained the plaintiffs! objections to the said motion. No reason was stated in the order for so holding.
The third party complaint, which the defendant Wilkes moved for leave to file in this cause, alleges that the Ocala Federal Savings and Loan Association, as the third party defendant, and the defendant Marian E. Kilday, fraudulently represented the coverage of a disputed insurance policy, in reliance upon which Wilkes paid the premium, kept the policy in force, and subsequently sustained a loss and discovered that the policy coverage was limited and inadequate.
Rule 1.180, Florida Rules of Civil Procedure, provides in pertinent part as follows concerning the right of a defendant in a civil action to file a third party complaint:
“At any time after commencement of the action a defendant as a third party plaintiff may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to *629 him for all or part of the plaintiff’s claim against him.”
Rule 1.010, Florida Rules of Civil Procedure, provides:
“These rules shall be construed to secure the just, speedy and inexpensive determination of every action.”
The District Court of Appeal, Second District of Florida, held in Boling v. Barnes, 198 So.2d 377 (Fla.App.1967) that the test of the propriety of a third party complaint is that a third party plaintiff “must show that the proposed third party defendants are or may be liable” to them.
In the light of the foregoing rules and decision, we think that the court erred in denying the defendant Wilkes’ motion for leave to file the said third party complaint.
For the foregoing reasons the two interlocutory orders appealed from herein are quashed and the cause is remanded for further proceedings consistent with the views hereinabove expressed.
SPECTOR, C. J., and JOHNSON, J., concur.