CHARLES McMICHAEL, ALICE McMICHAEL, ANN JEFFREY, JOHN ALONZO, IRMA JONES and ANTHONY JEFFREY, v. DELAWARE COACH COMPANY, a corporation of the State of Delaware.

530

(*August* 27, 1954.)

CAREY, J., sitting.

*A. James Gallo* and *Stephen E. Hamilton, Jr.*, for plaintiffs.

*Henry M. Canby* and *William A. Worth, Jr.* (of the firm of Richards, Layton and Finger) for defendant.

Superior Court for New Castle County, No. 1213, Civil Action, 1953.

CAREY, J.:

The question is whether the Court has a discretionary right to direct a severance for the purpose of making one plaintiff a third-party defendant with reference to the other plaintiffs and, if so, whether this discretion should be exercised where the object is to claim contribution from a joint tortfeasor.

 Ordinarily Rule 14(a), Superior Court Rules, *Del. C. Ann.* does not permit the impleader of a person already a party, the rule being intended to provide a way of bringing into an existing action a person not already a party, when the original defendant claims that the new person is or may be liable to him for all or part of the plaintiff's claim against him. Defendant's quandary is this: it probably cannot file a counterclaim under Rule 13 because of the contingent nature of the right of contribution, and it cannot now bring a separate action for the same reason. This fact would not prevent impleader under 14(a) but that procedure cannot be used against Anthony because he is already a party. If a severance should be granted, however, Rule 14(a) then becomes available because Anthony would no longer be a party to the cases of the other plaintiffs.

In my opinion, the last sentence of Rule 21 confers ample discretion upon this Court to grant the relief sought. It says: "Any claim against a party may be severed and proceeded with separately."

 Should the discretion be exercised in this case? It has been done under similar circumstances by the Federal Courts. *Sporia v. Pennsylvania Greyhound Lines,* 3 Cir., 143 F. 2d 105; *Jacobson v. Shober, D. C.,* 7 F. R. D. 653; *Chevassus v. Harley, D. C.,* 8 F. R. D. 410. "The general purpose of Rule 14 is to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him, and a judgment in his favor against the third-party defendant". 3 *Moore's Federal Practice* (2d ed.) 412. It

is clearly within the spirit and purpose of this rule to bring the claim for contribution into the record now, in order that it may be tried along with the other issues (unless some reason should later appear why consolidation for trial should be undesirable), rather than to compel defendant to await the outcome of the trial against it, then to bring a separate action for contribution. According to Professor Moore, it is this latter type of procedure which the rules seek to avoid. Moreover, if Anthony had not joined as plaintiff with the others in this case, Rule 14 would clearly be available to the defendant; its procedural right to implead should not depend upon such a fortuitous circumstance.

It would be improper to hold, at this time, that the cases will be consolidated for trial; that is something which must be left for later decision. Under the discretionary power contained in Rule 21, defendant's motion will be granted.