F. D. ASHLEY AND GUY F. McCORMICK, PARTNERS, OPERATING UNDER THE FIRM NAME OF FAIRMONT GAS COMPANY, v. J. WILBUR JONES, TRADING AS JONES TRANSFER.

(Filed 7 June, 1957.)

1. **Trial § 25—**

If the evidence upon defendant's counterclaim is sufficient to take the issue on the cross action to the jury, plaintiff may not take a voluntary nonsuit to escape the counterclaim.

2. **Bailment § 11—Evidence of negligence in delivering to bailee chattel having dangerous defect without warning bailee thereof, held to take issue to jury.**

Evidence tending to show that a tank-truck containing propane gas held in liquid form by pressure, was delivered by plaintiffs to defendant for repair to differential housing without disclosing to defendant the fact, well known to the plaintiffs, that the pipe from the tank was leaking gas, that the defendant, awaiting parts, stored the truck in its closed garage, and that when the door was opened, giving the gas access to fire, there was a terrific explosion, setting fire to and destroying the garage, *is held* sufficient to overrule nonsuit on defendant's cross action for damage to his garage, set up in plaintiffs' action for destruction of the truck by fire.

3. **Trial § 22b—**

In passing upon the sufficiency of the defendant's evidence upon his counterclaim, evidence favorable to plaintiff must be disregarded.

4. **Trial § 23a—**

Where the determinative facts are in dispute and different conclusions may be reasonably reached from the testimony, nonsuit may not be entered.

APPEAL by defendant from *Mallard, J.,* January, 1957 Civil Term, ROBESON Superior Court.

Civil action instituted by the plaintiffs for the recovery of $4,000.00 alleged to have been the value of a gas distribution truck destroyed by fire due to the alleged negligence of the defendant while the truck was in his possession for repairs. The defendant denied negligence and set up a cross action and counterclaim against the plaintiffs in which he alleged that the plaintiffs were the owners of the truck on which was installed a tank containing propane gas; that the connecting pipe between the tank and the pump was leaking gas and had been for three weeks to the knowledge of the plaintiffs; and that the plaintiffs left the outfit with the defendant for repairs without disclosing the presence of the leak in the pipe. "The leakage of gas from the gas pipe was not known to the defendant or any of his agents or employees until sometime during the night of 3rd August 1954 when the gas which had leaked from the defective pipeline of plaintiffs' said truck in the garage of the defendant came in contact with fire and caused a terrific ex-

plosion, completely destroying the garage building, all of its contents, etc. That the destruction of defendant's property was proximately caused by the negligence of the plaintiffs in that they knowingly left in a closed garage of defendant their gas truck with gas in the tank leaking on account of defective union in the pipe . . . to the defendant's damage in the sum of $42,158.17."

At the close of the defendant's evidence the plaintiffs moved for nonsuit on defendant's cross action and counterclaim. The motion was allowed and the defendant excepted. The plaintiffs were then permitted over defendant's objection to take a voluntary nonsuit. From the order dismissing the defendant's cross action and counterclaim and permitting the plaintiffs to take a voluntary nonsuit, the defendant appealed.

*Nance, Barrington & Collier, Floyd & Floyd, McLean & Stacy, for defendant, appellant.*

*Varser, McIntyre, Henry & Hedgpeth, for plaintiffs, appellees.*

HIGGINS, J. This appeal presents the question whether the evidence was sufficient to go to the jury on the defendant's counterclaim. If sufficient, the order permitting the plaintiffs to take a voluntary nonsuit was error. A plaintiff has no right to get out of court to escape a counterclaim against him. If the order of the court dismissing the counterclaim is correct, after it was dismissed and out of the way the plaintiffs had the right to take a voluntary nonsuit. Was the evidence sufficient to require the submission of the counterclaim to the jury?

The evidence pertinent to decision in its light most favorable to the defendant may be thus summarized: The gas tank on the plaintiffs' truck had a capacity of 1,000 gallons. The plaintiffs used it to deliver liquid petroleum or propane gas. Pressure was maintained at about 200 pounds per square inch. Upon release from pressure the gas would become "a vapor formation." For a period of two or three weeks prior to August 3, 1954, the union between the tank and the pump had been leaking. Efforts to repair the leak had been attempted by the plaintiffs' agents and had been unsuccessful. The plaintiffs had knowledge the leak continued. On August 3, 1954, the truck to which the gas tank was attached was delivered to the defendant's garage for repairs, not with respect to the leaking pipe, but to the differential housing. At the time the gauge to the tank showed there were 125 to 150 gallons of liquid petroleum under pressure in the tank. The defendant was not advised and had no knowledge there was a leak in the pipe which permitted the gas to escape and upon being released from the pressure to become vaporized, highly volatile, and explosive if exposed to fire or spark. The defendant at the time the truck was delivered to him for repairs did not have available parts necessary to complete them. While

awaiting parts the truck was stored for the night in the garage part of the defendant's building. The doors and windows to that part of the structure were closed. Later that night a door between the garage part of the building and the driver's room was opened and a strong odor of propane gas came through the door. Two of defendant's employees entered the garage and immediately thereafter a terrific explosion occurred in the garage, blowing the roof from the building and demolishing a part of the walls. Immediately fire flashed all over the garage. The building and its contents were completely destroyed. An expert witness, in answer to a hypothetical question, expressed the opinion that the explosion was caused by the ignition of propane gas.

Was it not the duty of plaintiffs to warn the defendant there was a leak in their tank which permitted propane gas to escape and which could and would explode if ignited? "It is a scientific fact that gas ordinarily useful for fuel is so inflammable that the moment a flame is applied it will ignite into an immediate explosion. . . . Gas is a dangerous substance when it is not under control." *Graham v. North Carolina Butane Gas. Co.*, 231 N.C. 680, 58 S.E. 2d 757; *Rulane Gas Co. v. Montgomery Ward & Co.*, 231 N.C. 270, 56 S.E. 2d 689. A gas company is answerable in damages for negligence if it fails to use reasonable care to prevent its escape, if the failure is the proximate cause of injury to persons or property. 24 Am. Jur., Gas Companies, secs. 20, 21 and 22; 38 C.J.S., Gas, secs. 40, 41 and 42.

When viewed in the light of applicable principles of law the evidence appears sufficient to require its submission to the jury. Evidence favorable to the plaintiffs must be disregarded in passing on the motion for nonsuit. *Hartley v. Smith*, 239 N.C. 170, 79 S.E. 2d 767; *Deaton v. Elon College*, 226 N.C. 433, 38 S.E. 2d 561. "This being true, the court cannot properly enter a compulsory nonsuit and withdraw the case from the jury if the facts are in dispute or if testimony is such that different conclusions may reasonably be reached thereon." *Graham v. Butane Gas Co., supra.*

For the reasons indicated, the judgment of the Superior Court of Robeson County is.

Reversed.