RALPH FRAZIER AND WIFE, MAGGIE B. FRAZIER v. SUBURBAN RULANE GAS COMPANY, INCORPORATED.

(Filed 27 November, 1957)

1. **Appeal and Error § 38—**

Where the brief stipulates that appellant is not seeking a new trial, but is appealing solely on the correctness of the court's denial of motion to nonsuit, all other assignments of error are eliminated.

FRAZIER *v.* GAS COMPANY.

2. **Appeal and Error § 51—**

In passing upon exception to the court's refusal to nonsuit, both properly and improperly admitted evidence must be considered.

3. **Gas § 2—**

Evidence favorable to plaintiff tending to show that he purchased a gas heating system in reliance on defendant's agreement to maintain periodic inspection, that defendant failed to maintain such inspection, together with expert opinion evidence that the fire which destroyed plaintiff's buildings resulted either from leaking pipes or soot in the burners, either of which defects would have been disclosed by adequate inspection, *is held* sufficient to overrule defendant's motion to nonsuit.

4. **Gas § 1—**

A gas company is charged with notice of the nature of its product, the danger incident to its use and that precautions are necessary to minimize that danger.

5. **Negligence § 19b(4)—**

Negligence may be proved by circumstantial evidence from which it may be inferred as the more reasonable probability, even though the possibility of accident may also arise on the evidence.

APPEAL by defendant from *Phillips, J.,* February, 1957 Term, WILKES Superior Court.

Civil action to recover damages for loss of two buildings by fire alleged to have been caused by defendant's negligent failure to inspect the Rulane gas fixtures as it had contracted to do at the time it installed them. The defendant, by answer, denied it installed the fixtures, or agreed to inspect or service them. On January 5, 1956, the fire occurred which completely destroyed the buildings and their contents. Timely motions for nonsuit were made and overruled. The court submitted four issues which the jury answered as indicated:

"1. Did the defendant, by and through its duly authorized agent, contract and agree to regularly inspect equipment of the plaintiff, as alleged in the Complaint? Answer: YES.

"2. If so, was there a breach of said duty to inspect, as alleged in the Complaint? Answer: YES.

"3. Was the property of the plaintiffs injured by the negligence of the defendant, as alleged in the Complaint? Answer: YES.

"4. What amount, if any, are the plaintiffs entitled to recover of the defendant? Answer: $10,000.00."

From the judgment in accordance with the the verdict, the defendant appealed.

*Larry S. Moore, for defendant, appellant.*
*Max F. Ferree, W. L. Osteen, W. H. McElwee, for plaintiffs, appellees.*

HIGGINS, J. The following appears in the defendant's brief: "The appellant only appeals on the correctness of the court's ruling in submission of this case to the jury and is not seeking a new trial." Eliminated, therefore, are all assignments of error except No. 5: That the court erred in overruling the defendant's motion for nonsuit. Since the only question presented is the nonsuit, evidence both properly and improperly admitted must be considered. *Early v. Eley,* 243 N.C. 695, 91 S.E. 2d 919; *Ballard v. Ballard,* 230 N.C. 629, 55 S.E. 2d 316.

The evidence of the plaintiff tended to show that in 1952 Bob Day was manager of the Rulane Gas Company agency in North Wilkesboro. He communicated with the plaintiff, Ralph Frazier, during that year relative to placing a gas heating system in plaintiff's chicken houses. Day testified: "After a couple of trips with some help from another salesman, we finally persuaded him (Frazier) to put in gas. The other salesman was a representative from Rulane out of Winston-Salem, Walter Scholtz. . . . He was afraid of it (gas) and we assured him there was nothing to be afraid of, that inspection would be made by me to see that the brooders were cleaned out after each brood to assure that safety." . . . The contract was "I was to sell the brooders to Ralph and install the lines and Rulane out of Winston was going to install the bulk system . . . Rulane came up and ran about the last 25 feet of pipe into the house . . . they inspected it at that point." Suburban Rulane Gas Company of Winston-Salem was to put the gas in the system.

The plaintiff, Ralph Frazier, testified in substance that he consented to purchase gas from the defendant; some of the Rulane Gas Company workmen would come and check the system. "They found something wrong in one of the buildings shortly before the fire and stopped me from using some brooders for a day or so, and got some pieces and fixed them up and let me go back to using them. . . . I bought the brooders, installations and all from the Rulane Gas Company and Bob Day, and Mr. Schwartz (Scholtz) . . . they did the pipe work, the Rulane did . . ."

Other plaintiffs' witnesses described the fire, the colored flames shooting out from the gas installations, and the hissing noise which accompanied the blaze. A witness found to be "an expert in the handling and installation of Rulane Gas" testified in answer to a hypothetical question that in his opinion the fire was caused either by an accumulation of soot in the burners or a gas leak in the line from the tank to the burners, and that an adequate inspection would have disclosed either of these defects.

There was evidence that shortly before the fire the defendant had filled the tanks with Rulane gas. There was no evidence of inspection at that time. There was evidence the defendant agreed to inspect and that a proper inspection would have shown any accumulation of soot in the burners, or any defects in the pipes or hose. The expert gave as his opinion the fire started either from the leaking pipes or soot in the burners, either of which adequate inspection would have disclosed.

The defendant's agents overcame the plaintiff's fears of gas by agreeing to inspect the installations. There is no evidence that the pipes, hose, or burners were inspected at the time "the last brood was started" and the tank filled. A considerable interval had intervened between the removal of the last brood and the one just started prior to the fire. The defendant was charged with notice of the nature of its product, the danger incident to its use, and that precautions were necessary to minimize that danger. "Gas is a dangerous substance when it is not under control." *Ashley v. Jones,* 246 N.C. 442, 98 S.E. 2d 667; *Graham v. N. C. Butane Gas Co.,* 231 N.C. 680, 58 S.E. 2d 757; *Rulane Gas Co. v. Montgomery Ward & Co.,* 231 N.C. 270, 56 S.E. 2d 689.

"A gas company is answerable in damages for negligence if it fails to use reasonable care to prevent its escape, if the failure is the proximate cause of injury to perons or property." *Ashley v. Jones, supra;* 24 Am. Jur., Gas Companies, Secs. 20, 21 and 22; 38 C. J. S., Gas, Secs. 40, 41 and 42.

" . . . Direct evidence of negligence is not required, but the same may be inferred from acts and attendant circumstances, and . . . if the facts proved establish the more reasonable probability that the defendant has been guilty of actionable negligence, the case cannot be withdrawn from the jury, though the possibility of accident may arise on the evidence." *Fitzgerald v. R. R.,* 141 N.C. 530, 54 S.E. 391; *Peterson v. Tidewater Power Co.,* 183 N.C. 243, 111 S.E. 8. "The plaintiff is not bound to prove more than enough to raise a fair presumption of negligence on the part of the defendant and of resulting injury to himself." *Henderson v. R. R.,* 159 N.C. 581, 75 S.E. 1092.

Taken in the light most favorable to the plaintiff, we consider the evidence sufficient to carry the case to the jury.

No Error.