LUNDY GILLIKIN, JR. v. ELTON LEE MASON.

(Filed 21 March, 1962.)

1. **Trial § 46.1—**

   Where the jury is unable to agree on a verdict and the court orders a mistrial and continues the case, the case remains on the civil issue docket for trial *de novo*, unaffected by rulings made during the trial.

2. **Same; Trial § 30; Appeal and Error § 3—**

   Where the court grants plaintiff's motion to dismiss defendant's cross action, over defendant's exception and notice of appeal, and the trial of plaintiff's cause continues, and thereafter a mistrial is ordered in plaintiff's cause upon the inability of the jury to agree on a verdict, the order of mistrial does not disturb the prior nonsuit of the cross action, and such nonsuit must be considered as a final judgment from which an appeal lies, notwithstanding the failure of the court to implement by formal judgment its ruling on the motion to dismiss the cross action.

3. **Trial § 21—**

   Defendant is a plaintiff in regard to his cross action, and therefore upon motion to nonsuit a cross action the evidence tending to sustain the cross action must be considered in the light most favorable to defendant and evidence favorable to plaintiff must be disregarded.

4. **Automobiles §§ 41d, 42b— Evidence held for jury in action for collision resulting from attempt to pass car traveling in same direction.**

   The evidence favorable to defendant tended to show that he turned on his lights and backed his car out of his private driveway to the shoulder of the road and stopped, looked both ways, saw no car approaching from the east and saw a car approaching from the west some 200 yards away on its right-hand side or southern half of the highway, that he then backed his car onto the northern side of the highway without going beyond the center line, and that the side of his car, back of the hood, was struck by plaintiff's car after plaintiff had driven to the left to pass a preceding car which plaintiff had been following at excessive speed. *Held:* The evidence is sufficient to be submitted to the jury on defendant's cross action and does not show contributory negligence in regard to the cross action as a matter of law.

SHARP, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Walker, Special Judge,* September Term 1961 of CARTERET.

Action and cross action growing out of a collision on U. S. Highway #70, approximately five miles east of the Town of Beaufort, about 7:30 p.m., August 21, 1959, between two Oldsmobiles, one owned and operated by plaintiff and the other owned and operated by defendant. Each owner-operator alleged the collision was proximately caused by the negligence of the other and each seeks to recover for the resulting damage to his car.

At the close of plaintiff's evidence, and again at the close of all the evidence, defendant moved for judgment of nonsuit. The court denied these motions and defendant excepted.

At the close of all the evidence, defendant tendered the following issues: "1. Was plaintiff's automobile damaged through the negligence of the defendant, as alleged in the Complaint of the plaintiff? 2. Did the plaintiff by his own negligence contribute to his damage? 3. What amount, if any, is plaintiff entitled to recover of the defendant? 4. Was the defendant Mason's automobile damaged through the negligence of the plaintiff, as alleged in the cross action of the defendant? 5. What amount, if any, is the defendant Mason entitled to recover of the plaintiff Gillikin?" The court refused to submit issues 2, 4 and 5. Defendant excepted. The court submitted issues 1 and 3.

As stated in the record: "At the close of all the evidence, the plaintiff moved for dismissal of defendant's cross action, which motion was allowed by the Court." Defendant excepted.

Upon trial on the two issues designated above as 1 and 3, the court, on account of the jury's inability to agree on a verdict, ordered a mistrial and continued the case.

Defendant appealed, assigning errors.

*C. R. Wheatly, Jr., and Thomas S. Bennett for plaintiff appellee.*
*Hamilton, Hamilton & Phillips for defendant appellant.*

BOBBITT, J.   With reference to plaintiff's cause of action, whether the court erred in denying defendant's motions for judgment of nonsuit is not presented. No judgment was entered against defendant. He had no right of appeal from the denial of his said motions. When the court ordered the mistrial and continuance, the case, as to plaintiff's cause of action, remained on the civil issue docket for trial *de novo,* unaffected by rulings made *therein* during the trial conducted by Judge Walker. *GMC Trucks v. Smith,* 249 N.C. 764, 107 S.E. 2d 746, and cases cited.

Although the court, with reference to plaintiff's alleged cause of action, ordered the mistrial and continuance, the court's prior ruling,

allowing plaintiff's motion for dismissal of defendant's cross action, was not disturbed. Compare *GMC Trucks v. Smith, supra.* Defendant's appeal entry is in these words: "Upon the nonsuit of the defendant's counterclaim or cross-complaint, the defendant objected and excepted and gave notice of appeal in open Court, with further notice waived." No judgment implementing the court's said ruling was entered. Even so, upon this record, the court's said ruling must be considered as a judgment of nonsuit as to defendant's alleged cross action.

With reference to the cross action, defendant's status was that of a plaintiff. Hence, in passing upon whether the court erred in nonsuiting the cross action, the evidence must be considered in the light most favorable to defendant. Evidence favorable to plaintiff must be disregarded. *Ashley v. Jones,* 246 N.C. 442, 98 S.E. 2d 667.

In brief, evidence favorable to defendant tends to show: U. S. Highway #70 runs east-west. Its width is twenty feet or more, with shoulders of eight feet or more. Defendant lives on the north side of the highway. He got in his car, turned the lights on, backed out of his private driveway to the shoulder of the highway and stopped. He looked both ways. No car was approaching from the east. Looking west, he saw one car "about 200 or 300 yards up the road." This car, coming from Beaufort, was on its "right-hand side going east." Defendant was going to Beaufort. He backed onto his (north) side of the highway. He did not go beyond the center line. When he "began to turn to get straight to go towards Beaufort," the car he saw (Lawrence car) "was then a couple of hundred feet of (him)." While in that position, defendant's car was struck by plaintiff's car. Plaintiff, who had been driving (east) behind the Lawrence car, "run around or was in the act of passing" the Lawrence car when plaintiff's car struck the left side of defendant's car. All the damage to defendant's car was back of the hood, starting at the left-hand door. There was no collision between defendant's car and the Lawrence car.

With reference to defendant's cross action, we reach these conclusions: (1) There was ample evidence to support a finding that negligence on the part of plaintiff proximately caused the collision. (2) When considered in the light most favorable to defendant, the evidence did not establish as a matter of law that negligence on the part of defendant proximately caused the collision. These issues, raised by the pleadings, were for jury determination upon sharply conflicting evidence. Having reached these conclusions on the basis of the admitted evidence, it is unnecessary to consider whether the court erred in excluding other evidence proffered by defendant.

It is noted: Defendant, in his cross action, alleged the negligence of plaintiff proximately caused the collision. He did not *eo nomine* plead

the contributory negligence of plaintiff in bar of plaintiff's right to recover. Plaintiff, in his complaint, alleged the negligence of defendant proximately caused the collision. He filed no reply to defendant's cross action.

Obviously, this action and *Mason v. Gillikin, ante,* 527, ...... S.E. 2d ......, grow out of the same collision. However, it is noted: In this action, U. S. Highway #70, where the collision occurred, is referred to in the pleadings and evidence as running east-west, but in *Mason v. Gillikin* it is referred to as running north-south.

For the reasons stated, the ruling of the court below, treated as a judgment of nonsuit as to defendant's cross action, is reversed.

Reversed.

SHARP, J., took no part in the consideration or decision of this case.