*Municipal Court of the City of Boston*

No. 189455

**BARBARA ECK**

v.

**OLEG MOCALKINS, et al**

Argued: Nov. 14, 1969.  Decided: Nov. 18, 1969.

*Present:* Adlow, C.J., Morrissey, J., Gorrasi, Spec. J.

Case tried to *Gillen, J.,* in the Municipal Court of the City of Boston No. 189455

*Adlow, C. J.* In the above entitled action the plaintiff, Barbara Eck, recovered judgment against Kinney Systems Franchise Corporation (Kinney), Philip Abrams (Abrams) and Oleg Mocalkins (Mocalkins) who were sued as joint tortfeasors. The plaintiff recovered against all defendants, but execution was levied only on Kinney and Abrams who satisfied the plaintiff's claim. In these proceedings, Kinney and Abrams seek contribution from Mocalkins as a joint tortfeasor. A motion filed by them seeking to enforce their rights was denied by the court. In explaining its refusal the court stated that the original cause had gone to judgment, and that the parties seeking contribution could only assert their rights by bringing a new action against Mocalkins. Being aggrieved the petitioners claimed a report to this Appellate Division which the court declined to allow on the ground that said report raised no question of law. In these pro-

ceedings the petitioners seek to establish this report.

There is merit to this petition. While it is true that the original finding of the court against the joint tortfeasors is conclusive against all of them, so far as their rights and liabilities with respect to contribution are concerned (G. L. c. 231B, § 3 (f)), there still remains the question whether the right to recover can be asserted by a motion after judgment or must be sought in a new and separate action. G.L. c. 231B, § 3 provides several procedures for asserting the right to contribution. § 3 (a) provides that contribution may be sought by a separate action. But this is not the only remedy. § 3 (b) provides that ''Where a judgment has been entered in an action against two or more tortfeasors for the same injury, contribution may be enforced in that action by judgment in favor of one against other judgment defendants by motion upon notice to all parties to the action.'' The clear import of the language of § 3 (b) supports the petitioners claim that their rights can be established by motion. While it is true that under the provisions of § 3 (a) the petitioners could have brought a separate action to establish their rights, it was not the only procedure available to them. Actually, the facts in these proceedings suggested that the petitioners assert their right by motion, the liability of the parties having been fixed by the determination in the original action and nothing

remained but the determination of the share which each joint tortfeasor should bear. This report did raise a question of law.

*Petition to establish report allowed.*

ERNEST K. EDIE
   for the Petitioner

ROGER WHITKIN
   for the Respondent.