LILLIAN HARRIETT WILSON, Plaintiff
v.
BOB ROBINSON'S AUTO SERVICE, INC., Defendant and
Third Party Plaintiff
v.
GENUINE PARTS COMPANY, INC., First Third Party Defendant
and Second Third Party Plaintiff
v.
PRIOR SOUTHWEST, INC., Second Third Party Defendant

No. 7326SC771

(Filed 28 November 1973)

1. **Appeal and Error § 6; Trial § 30— orders of dismissal — subsequent mistrial — appeal of dismissal orders**

    Where plaintiff brought an action to recover for property damage and injuries sustained by her in an automobile accident which occurred when brakes installed in her vehicle by defendant failed, the trial court dismissed plaintiff's claims for relief based on breach of contract to repair and negligence and dismissed the cross-action of the original vendor of the brake assembly for contribution or indemnity, and the trial court withdrew a juror and declared a mistrial when the jury appeared hopelessly deadlocked, plaintiff and the original vendor could properly appeal from the orders of the trial court to dismiss.

2. **Torts § 4; Rules of Civil Procedure § 13— damages sustained in automobile collision — cross-claim for contribution or indemnity proper**

    Where plaintiff brought an action for injuries sustained by her in an automobile accident which occurred when brakes installed by defendant failed, the original vendor who rebuilt the brake assembly and sold it to a parts company who in turn sold it to defendant could properly maintain a cross-action against defendant in this lawsuit.

We have allowed *Certiorari* to review the order of *Ervin, Judge,* at the 3 October 1972 Session of the MECKLENBURG Superior Court.

The plaintiff instituted this civil action to recover for property damage and personal injuries sustained in an automobile accident which occurred on January 10, 1968. The plaintiff took her 1958 Buick automobile to defendant's garage (Bob Robinson's) to have the brakes repaired. Bob Robinson's found it necessary to install a master cylinder and power brake booster. Bob Robinson's, due to the age of the vehicle and unavailability of parts, installed a used, rebuilt brake assembly which it had purchased from Genuine Parts Company, Inc., (Genuine

Parts). This rebuilt brake assembly had been rebuilt and sold to Genuine Parts by Prior Southwest, Inc., (Southwest). The plaintiff picked up her car, left Bob Robinson's, and as she approached the first stoplight she encountered, she applied the brakes and they failed. The plaintiff's automobile struck the rear of one of the automobiles stopped at the stoplight. Subsequent investigation led to discovery of some foreign matter in the master cylinder which, according to some of the expert testimony at trial, could have caused the failure.

The plaintiff in her action against Bob Robinson's alleged three claims for relief: (1) breach of contract, (2) negligence and (3) breach of implied warranty. Bob Robinson's, as first third-party plaintiff, filed a third-party complaint against the first third-party defendant, Genuine Parts, seeking indemnity. Genuine Parts, as second third-party plaintiff, filed a third-party complaint seeking indemnity from Southwest, second third-party defendant. Southwest then filed a cross-action against the defendant, Bob Robinson's, seeking contribution or indemnity.

At the close of all the evidence, the trial court allowed the motions of Bob Robinson's for a dismissal of two of plaintiff's claims for relief on breach of contract to repair and negligence. The court also allowed Bob Robinson's motion to dismiss Southwest's cross-action for contribution or indemnity. The issues are not in the record, but the action was apparently submitted to the jury on the plaintiff's claim for relief for implied warranty. After the jury deliberated a considerable period of time and appeared hopelessly deadlocked, the trial court withdrew a juror and declared a mistrial. The plaintiff and Southwest appealed from the trial court's granting of the motions to dismiss, and we have treated these appeals as petitions for certiorari which we have allowed.

*Allen A. Bailey by Douglas A. Brackett and Martin L. Brackett, Jr., for plaintiff appellant.*

*Carpenter, Golding, Crews & Meekins by John G. Golding for defendant and first third-party plaintiff appellee, Bob Robinson's Auto Service, Inc.*

*Craighill, Rendleman & Clarkson, P.A., by James B. Craighill for second third-party defendant appellant, Prior Southwest, Inc.*

CAMPBELL, Judge.

[1]  Bob Robinson's contends that this appeal is premature and should be dismissed since under G.S. 1A-1, Rule 54, no final judgment has been entered. Motions to that effect have been filed. However, in *Gillikin v. Mason,* 256 N.C. 533, 124 S.E. 2d 541 (1962), the Supreme Court reviewed the allowance of a motion for nonsuit in a case involving a mistrial. Bob Robinson's contention that the trial court's orders allowing the motions in the case at bar are binding in the trial *de novo* but that the plaintiff and Southwest have no present right of appeal as to those orders is not consistent with *Gillikin, supra.*

The motions to dismiss here are to be construed as motions for directed verdicts. *Pergerson v. Williams,* 9 N.C. App. 512, 176 S.E. 2d 885 (1970). In considering the sufficiency of the evidence to withstand a motion for directed verdict, we must consider the evidence in the light most favorable to the non-moving party. *Gillikin v. Mason, supra; Kelly v. Harvester Co.,* 278 N.C. 153, 179 S.E. 2d 396 (1971). We find that the evidence was sufficient to go to the jury and that the directed verdicts against the plaintiff should not have been granted. Since the matter was set for retrial anyway and our decision merely allows a complete trial *de novo,* we do not deem it necessary to review the evidence as it may be different upon retrial.

Bob Robinson's contends that the cross-action of Southwest must be dismissed since, if Southwest were held liable for indemnity to Genuine Parts, then it could obviously not be entitled to indemnity or contribution from Robinson's who would have had to have been found without fault as to Genuine Parts.

[2]  We do not find the connection so obvious. The question of indemnity between Robinson's and Genuine Parts and the question of indemnity between Genuine Parts and Southwest are wholly separate questions from that of passive or active negligence as between Robinson's and Southwest and whether there is joint or several liability as between Robinson's and Southwest. We would note that G.S. 1B-1 would not require a judgment in favor of the plaintiff against Southwest for Southwest to be successful in its cross-action against Robinson's. Therefore, Southwest's cross-action is quite properly a part of this lawsuit. We thus face a question of the sufficiency of the evidence to withstand a motion for a directed verdict as to Southwest's cross-action. We find the evidence sufficient but do

not deem it necessary to review such evidence as it may be different upon retrial.

Reversed.

Chief Judge BROCK and Judge BALEY concur.