323 So.2d 593 (1975)
NATIONWIDE MUTUAL INSURANCE COMPANY and Larry McCoy Milam, Appellants,
v.
Ralph FOUTS, Appellee.
No. 74-1371.
District Court of Appeal of Florida, Second District.
December 12, 1975.
*594 T. Rankin Terry, Jr. and Peter E. Bright of Roberts, Watson & McNeil, Fort Myers, for appellants.
John B. Cechman of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for appellee.
GRIMES, Judge.
An automobile driven by Lawless was involved in a collision with an automobile driven by Milam. Fouts, who was a passenger in the Lawless automobile, sued Milam and his insurance carrier for injuries suffered in the accident. Milam and the carrier filed a third party complaint for contribution against Lawless. Relying upon the rule then in effect which barred contribution among joint tortfeasors, the court dismissed the third party complaint with prejudice.
Pending the appeal from this order, the legislature passed the Uniform Contribution among Tortfeasors Act and specified that it should apply to all causes of action pending at the time of its passage. Fla. Stat. § 768.31 (1975). Thereafter, the Supreme Court held that the doctrine of no contribution among joint tortfeasors no longer applied to Florida. Lincenberg v. Issen, Fla. 1975, 318 So.2d 386.
Fla. Stat. § 768.31 (1975) does not specifically provide for the enforcement of contribution by way of third party practice. The commissioners' comment to the uniform act reflects that the drafters of the model act intended to leave this to the established procedure in the several states. Uniform Contribution among Tortfeasors Act (U.L.A.) § 3. The Florida rule on third party practice clearly contemplates the procedure of a defendant filing a third party complaint against a person not a party to the action "who is or may be liable to him for all or part of the claim" against him even though a judgment has not yet been entered. Rule 1.180 RCP; see Mims Crane Service, Inc. v. Insley Mfg. Corp., Fla.App.2d, 1969, 226 So.2d 836.
The order dismissing the third party complaint is reversed, and the case is remanded for further proceedings consistent herewith.
NcNULTY, C.J., and SCHEB, J., concur.