343 So.2d 48 (1977)
NEW HAMPSHIRE INSURANCE COMPANY, a Foreign Corporation, and Superior Dairies, Inc., a Corporation, Appellants (Defendants and Third-Party Plaintiffs),
v.
John PETRIK and Claudine Petrik, Husband and Wife, Appellees (Plaintiffs), and
David Petrik, Appellee (Third-Party Defendant).
No. DD-25.
District Court of Appeal of Florida, First District.
February 2, 1977.
Carle Felton, Jr., Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellants.
Robert C. Gobelman, John R. Saalfield, Marks, Gray, Conroy & Gibbs, Jacksonville, for appellees.
MILLS, Judge.
By interlocutory appeal, New Hampshire Insurance Company (New Hampshire) and Superior Dairies, Inc. (Superior) seek review of an order dismissing their third party complaint without leave to amend but without prejudice to assert the same cause of action (contribution) in a separate suit. This is not an interlocutory appeal, Fla.App. Rule 4.2a, but will be treated as a full appeal because the order appealed is final as to the third party plaintiffs and third party defendant.
The sole issue raised on this appeal is whether the court must dismiss as a matter of law a third party action for contribution brought by the defendant against a third party not named by the plaintiff as a party defendant.
John and Claudine Petrik, husband and wife, brought suit against Superior and its insuror, New Hampshire, for damages arising out of an accident which they alleged was caused by the negligence of Superior. Superior and New Hampshire filed a third party action against David Petrik who was driving the vehicle in which the plaintiffs were passengers at the time of the accident, seeking contribution pursuant to Section 768.31, Florida Statutes (1975). The court dismissed the third party complaint stating:
"It states a cause of action for contribution among joint tortfeasors under Section 768.31, F.S. Section 768.31(4)(d), F.S., prevents the use of third party practice to achieve that contribution, despite Nationwide Mutual Insurance Co. v. Fouts, 323 So.2d 593 (D.C.A. 2, Fla., 1975), which apparently did not take subsection (4)(d) into consideration."
This appeal involves the interpretation of certain sections of the Uniform Contribution Among Tortfeasors Act and its relationship to Fla.R.Civ.P. 1.180, the third party practice rule.
Rule 1.180(a) states in part:
"(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defendant as a *49 third party plaintiff may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him... ."
The pertinent sections of the Uniform Contribution Among Tortfeasors Act, Section 768.31, Florida Statutes (1975), state:
Section 768.31(2)(a)  "Except as otherwise provided in this act, when two or more persons become jointly or severally liable in tort for the same injury to person or property, or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them."
Section 768.31(2)(b)  "The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share... ."
Section 768.31(4)(a)  "Whether or not judgment has been entered in an action against two or more tortfeasors for the same injury or wrongful death, contribution may be enforced by separate action."
Section 768.31(4)(d)  "If there is no judgment for the injury or wrongful death against the tortfeasor seeking contribution, his right of contribution is barred unless he has either:
1. Discharged by payment the common liability within the statute of limitations period applicable to claimant's right of action against him and has commenced his action for contribution within 1 year after payment, or
2. Agreed, while action is pending against him, to discharge the common liability and has within 1 year after the agreement paid the liability and commenced his action for contribution."
The Second District Court of Appeal dealt with the same question in Nationwide Mutual Insurance Company v. Fouts, 323 So.2d 593 (Fla.2d DCA 1975). In that case, the court stated:
"Fla. Stat. § 768.31 (1975) does not specifically provide for the enforcement of contribution by way of third party practice. The commissioner's comment to the Uniform Act reflects that the drafters of the model act intended to leave this to the established procedure in the several states. Uniform Contributions Among Tortfeasors Act (U.L.A.) § 3. The Florida rule on third party practice clearly contemplates the procedure of a defendant filing a third party complaint against a person not a party to the action `who is or may be liable to him for all or part of the claim' against him even though the judgment has not yet been entered. Rule 1.180, RCP; See Mims Crane Service, Inc. v. Insley Mfg. Corp., Fla.App.2d, 1969, 226 So.2d 836."
In Florida Power Corporation v. Taylor, 332 So.2d 687 (Fla.2d DCA 1976), the Second District Court of Appeal reinstated the defendant's third party action for contribution against a tortfeasor not sued by the plaintiff.
Section 768.31(4)(a) does not state that contribution must be enforced by separate action. It merely provides an alternative enforcement of contribution by a method other than third party practice established by the Florida Rules of Civil Procedure. Further, the method of enforcing contribution is clearly procedural in nature. Article V, Section 2 of the Florida Constitution provides that:
"The supreme court shall adopt rules for the practice and procedure in all courts... ."
Since the Florida Supreme Court has given its approval to third party practice, the absence of any provision in the contribution act relating to third party practice will not be fatal to the defendants' third party complaint for contribution in the instant case.
The Florida Contribution Act traces the Uniform Contribution Among Tortfeasors Act and, as recognized in Nationwide Mutual Insurance Company v. Fouts, the commissioners' comment to the uniform act specifically states that the drafters of the model act intended to leave enforcement of *50 contribution, whether by third party action or separate action, to the states which adopt the act. Thus, it is again recognized that the act itself is not intended to limit the procedure for its enforcement.
Other states which have adopted the Uniform Contribution Among Tortfeasors Act have found that the claim for contribution made by a defendant against a party not made a party defendant to the action brought by the plaintiff may be brought by a third party action in the original lawsuit. In Markey v. Skog, 129 N.J. Super. 192, 322 A.2d 513 (1974), the New Jersey Supreme Court stated:
"The assertion by codefendants in a negligence action of the right of contribution inter sese and the right of a defendant to implead a joint tortfeasor by third-party complaint before plaintiff's cause of action has been reduced to a judgment are merely devices of procedural convenience afforded by the rules of practice. See R. 4:7-5 and R. 4:8-1 (New Jersey Practice). Thus, although a defendant is not necessarily bound to proceed against a joint tortfeasor in the same action in which the plaintiff seeks to establish his (defendant's) liability, he ordinarily will, nevertheless, do so because a single action is the most orderly and logical manner in which proof of common liability can be established  and it is, of course, common liability which is the substantive basis of the right of contribution."
See also: Kapp v. Bob Sullivan Chevrolet Co., 234 Ark. 395, 353 S.W.2d 5 (1962); McMichael v. Delaware Coach Co., 9 Terry 529, 107 A.2d 895 (1954); Hassett v. Modern Maid Packers, Inc., 23 F.R.D. 661 (D.Md. 1959); Eck v. Mocalkins, 43 Mass. App. Dec. 195 (1969); Dambro v. Union County Park Commission, 130 N.J. Super. 450, 327 A.2d 466 (1974); Beal v. Southern Union Gas Co., 66 N.M. 424, 349 P.2d 337 (1960); Wilson v. Bob Robinson's Auto Service, Inc., 20 N.C. App. 47, 200 S.E.2d 393 (1973), and Marcus v. Marcoux, 41 F.R.D. 332 (D.R.I. 1967).
Thus, it has been widely recognized by the other states which have adopted the Uniform Contribution Among Tortfeasors Act that an action may be brought for contribution by a defendant against a tortfeasor not named as a party defendant by the plaintiff by a third party complaint filed in the plaintiff's action. The logic is recognized that to allow such a procedure efficiently conserves the court's time, effort, expense, and provides consistency of result wherein the action which establishes the plaintiff's right to recovery also establishes against whom that recovery should be made. The same jury that "understands" the plaintiff's case should also be permitted to relate why it found in favor of the plaintiffs by naming the defendants against whom recovery should be made. If there is no recovery for the plaintiff, there can be no right of contribution. In addition, the contribution act provides:
"This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states that enact it."
The Florida Uniform Contribution Among Tortfeasors Act does not prohibit the third party practice recognized by the Supreme Court in the Florida Rules of Civil Procedure. Since the establishment of procedure is peculiarly a judicial function and because of the implicit logic that the same jury which assesses recovery for the plaintiff should also assess against whom such recovery is made, the third party action for contribution against a party not made a defendant by the plaintiff is not prohibited as a matter of law as found by the trial court.
The order appealed is reversed and this case is remanded for further proceedings consistent with the views expressed herein.
BOYER, C.J., and SMITH, J., concur.