MARGIE U. PLYLER, PLAINTIFF AND FIREMAN'S FUND AMERICAN IN-
  SURANCE COMPANY, ADDITIONAL PLAINTIFF v. MOSS & MOORE, INC.,
  DEFENDANT

No. 7819SC347

(Filed 17 April 1979)

1. **Professions and Occupations § 1— furnace repairman—representations as to skill—standard of care**

  A defendant who engaged in the business of installing and repairing fur-
  naces represented that it possessed the knowledge, skill and ability that
  others engaged in the same business ordinarily possess, and when defendant
  undertook to install a furnace in plaintiff's mobile home, it assumed the duty to
  exercise reasonable care in the use of its skill and in the application of its
  knowledge and to exercise its best judgment in the performance of this work,
  within the limits of the profession.

2. **Professions and Occupations § 1— furnace—installation and servicing—no negligence**

  In an action to recover for fire damages to plaintiff's mobile home which
  allegedly resulted from defendant's negligent installation and servicing of a
  furnace, plaintiff failed to show that defendant breached any duty (1) by install-
  ing the furnace in such a manner that the exhaust outlet of the furnace was
  not directly below the smokestack so that the exhaust outlet and smokestack
  were connected with a flue pipe containing two elbows, since there was no
  evidence that this method of installation was negligent, or (2) by installing new
  nozzles in the furnace but failing to inspect the flue pipes during its service
  call, since there was no evidence that a reasonably prudent serviceman con-
  fronted with the same or similar circumstances would have done anything
  other than change the nozzles in the furnace.

APPEAL by defendant from *Collier, Judge.* Judgment entered
2 December 1977 in Superior Court, CABARRUS County. Heard in
the Court of Appeals 18 January 1979.

The defendant herein, Moss & Moore, Inc., installed a
replacement furnace unit in a mobile home owned by the plaintiff,
Margie U. Plyler, during August of 1969. The defendant returned
to the plaintiff's mobile home on 31 December 1970 and again on
25 October 1972 to service the furnace. Thereafter the plaintiff
Plyler informed the defendant that the furnace was emitting
smoke and fumes. On 31 December 1973, the defendant again
went to the plaintiff's mobile home to service the unit. During
this service call, the nozzles on the furnace were changed but
nothing else was done. The plaintiff was then told that it would

Plyler v. Moss & Moore, Inc.

be all right to use the furnace. The furnace was turned on and she left it on when she went to work the following day. After arriving at work, the plaintiff received a telephone call informing her that her mobile home was on fire. She returned to her home and found that the flames had been extinguished. Later that day, another fire erupted in the mobile home causing additional damage before it could be extinguished.

The plaintiff Plyler filed a complaint against the defendant on 4 March 1975 setting forth claims for relief based upon negligence, breach of express warranty and breach of implied warranty. The defendant answered the complaint and denied that it had either been negligent or breached any warranty. Additionally, the defendant in its answer moved to join Fireman's Fund American Insurance Company as an additional party plaintiff on the ground that the insurance company had made a payment to the plaintiff Plyler as a result of the fire. Prior to trial, the trial court determined that the insurance company was a proper party plaintiff and granted the motion.

When the case was called for trial, the plaintiffs presented evidence tending to show that the most extensive damage caused by the fire was in the area of the furnace. They also tendered, and the court accepted, Paul Efird Price as an expert on "the cause of fire in mobile homes, the extent of the damage to them and the repair of them." Mr. Price testified that he had examined the mobile home after the fire in question. During his examination, he found that the exhaust outlet from the furnace was not directly below the smokestack. In order to connect the exhaust outlet to the smokestack, two elbows had been installed in the flue pipe. The elbows had been wrapped in asbestos but there was a hole in the elbow closest to the furnace's exhaust outlet. In Mr. Price's opinion, the fire in the mobile home was caused by a high flame in the furnace hitting the elbow in the flue pipe over a number of years and thereby causing a hole to appear in the elbow.

At the close of the plaintiffs' evidence, the defendant moved for a directed verdict as to the claims based upon breach of express and implied warranty and negligence. The trial court granted the defendant's motion with regard to the claims based on breach of warranties but denied its motion with regard to the

claim based upon negligence. The defendant chose not to present evidence. The jury found that the plaintiffs had been damaged in the amount of $6,000 by the defendant's negligence and the trial court entered judgment accordingly. From the entry of that judgment, the defendant appealed.

*Hartsell, Hartsell & Mills, P.A., by Fletcher L. Hartsell, Jr., for plaintiffs appellees.*

*Williams, Willeford, Boger & Grady, by Samuel F. Davis, Jr. and John Hugh Williams, for defendant appellant.*

MITCHELL, Judge.

The defendant assigns as error the trial court's denial of its motion for a directed verdict in its favor as to the plaintiffs' claim for relief based upon allegations of negligence. A motion for a directed verdict raises the issue of whether the evidence supporting the nonmoving party's claim for relief is sufficient to require that the claim be submitted to the jury. *Byerly v. Byerly*, 38 N.C. App. 551, 248 S.E. 2d 433 (1978). In determining whether the evidence is sufficient in such situations, the court must consider it in the light most favorable to the nonmoving party giving that party the benefit of every reasonable inference which may be drawn in his favor. *Daughtry v. Turnage*, 295 N.C. 543, 246 S.E. 2d 788 (1978).

The plaintiffs contend that they presented sufficient evidence at trial to support a jury finding that the defendant negligently installed the furnace in the mobile home of the plaintiff Plyler. The plaintiffs' evidence tended to show that the defendant installed the furnace in a manner which did not cause the exhaust outlet of the furnace to be located directly below the smokestack. Instead of installing a new smokestack in the roof of the mobile home directly over the exhaust outlet, the defendant connected the smokestack to the exhaust outlet with a flue pipe containing two elbows. These elbows were made of a galvanized material and covered with asbestos. Mr. Price, who was accepted by the court as an expert in determining the origin of mobile home fires, gave the following testimony concerning the elbows in the flue pipe: "In the area between the furnace and the smokestack I observed an elbow right on top of the furnace. I am not sure what type metal this elbow was. Originally they put stainless steel. This was

not original." In offering his opinion as to the origin of the fire, Mr. Price testified that:

> On this type of furnace, if the air is cut down too low, it appeared that is what happened and the flame, the high flame hit that over a period of years and it took it awhile to do this, maybe a year. Eventually, it worked its way through and made the hole and that is my opinion. As to what it hit, it hit the elbow. Ordinarily they go straight up with the stainless steel, but this was offset.

Mr. Price also testified that it was not typical to use such elbows. When questioned by the defendant, Mr. Price testified that: "The furnace was setting in that area of three feet. That was not the only way, if there was an offset by an elbow. You could have put another hole in the roof, and cover the other one up. Then you could go directly straight up."

The plaintiffs also introduced into evidence a copy of the installation instructions which came with the furnace. Those instructions contained the following directions:

> This unit shall be installed with the labeled Strawsine Model 75M roof jack, 8-2-2042C flue pipe connector and 8-2-2064C flue pipe connector shield. (The flue pipe connector is installed inside the roof jack.) . . . . The flue pipe extension is inserted into the roof jack. Simply pull the pipe extension down and connect to flue on unit.

[1] A claim for relief based on negligence must be supported by sufficient evidence to show that the defendant was under a duty to conform to a certain standard of conduct, that he breached that duty, that the plaintiff was injured, and that the plaintiff's injury was the proximate result of the defendant's breach. *See* W. Prosser, Law of Torts § 30 (4th ed. 1971). As the defendant represented itself as being in the business of installing and repairing furnaces, it represented that it possessed the knowledge, skill and ability that others engaged in the same business ordinarily possess. When the defendant undertook to install a furnace in the plaintiff's mobile home, it assumed the duty to exercise reasonable care in the use of its skill and in the application of its knowledge and to exercise its best judgment in the performance of this work, within the limits of the profession. *See*

*Insurance Co. v. Sprinkler Co.*, 266 N.C. 134, 146 S.E. 2d 53 (1966). If the evidence was insufficient to show that the defendant breached one of those duties, then it was insufficient to show that the defendant was negligent.

[2] Evidence that the defendant installed the furnace in the plaintiff Plyler's home in a manner different from the manner in which the original furnace was installed, or that the furnace was not installed in an ordinary manner, or that the furnace was not installed in a typical manner would not constitute evidence that the defendant breached its duty to exercise reasonable care or to exercise its best judgment. Such evidence standing alone does not tend to show that a person engaged in the business of installing and repairing furnaces and exercising his best judgment and reasonable care would have installed the furnace in an original, ordinary or typical fashion, or that a failure to install the furnace in such fashion was careless or constituted poor judgment.

Additionally, the installation instructions which came with the furnace and were introduced into evidence failed to provide any evidence that the defendant was negligent. The instructions indicate that certain components must be installed with the furnace but do not specify whether the flue pipe must be made in a particular shape or from a particular metal. Additionally, nothing in the evidence tends to show that the particular components specified in the instructions were not in fact used. As the plaintiffs failed to present evidence that the defendant breached its duty to exercise reasonable care and to use its best judgment in installing the furnace, they failed to carry their burden of proof with regard to the claim for relief based upon negligent installation of the furnace.

In order to determine whether the trial court erred in denying the defendant's motion for a directed verdict, we must also consider whether there was sufficient evidence from which a jury could conclude that the defendant negligently serviced the plaintiff Plyler's furnace. Evidence concerning the defendant's service call consisted of testimony by the plaintiff Plyler that:

As to what difficulty or problem that caused me to call them, it was smoking, my mattress was black and I smelled fumes. The serviceman from Moss & Moore arrived on October 31, 1973. I was present the whole time he was there. I

observed him change the nozzles in the furnace. That is all I recall him doing.

When the defendant serviced the plaintiff Plyler's furnace, it was again under a duty to exercise reasonable care in the use of its skill and in the application of its knowledge and to exercise its best judgment in the performance of its work, within the limits of the profession. *See Insurance Co. v. Sprinkler Co.*, 266 N.C. 134, 146 S.E. 2d 53 (1966); Annot., 72 A.L.R. 2d 865 (1960). The plaintiffs contend that the exercise of reasonable care and good judgment in the present case required that an inspection be made of the flue pipes. The plaintiffs have not, however, presented any evidence to support this contention. There was no testimony or other evidence introduced tending to indicate that a reasonably prudent serviceman confronted with the same or similar circumstances would have done anything other than change the nozzles in the furnace. *Cf. Frazier v. Gas Company*, 247 N.C. 256, 100 S.E. 2d 501 (1957), *petition for rehearing dismissed*, 248 N.C. 559, 103 S.E. 2d 721 (1958) (similar evidence properly presented). Therefore, the plaintiffs failed to show that the defendant breached any duty when it installed new nozzles in the furnace but did not inspect the flue pipes during its service call.

As the evidence when considered in the light most favorable to the plaintiffs fails to show that the defendant breached any duty it owed them, the plaintiffs' claims for relief based upon negligence should not have been submitted to the jury. Therefore, the trial court erred in denying the defendant's motion for a directed verdict. Although the defendant made the necessary motions for a directed verdict and judgment notwithstanding the verdict, we have determined in the exercise of our authority under G.S. 1A-1, Rule 50(d), that the plaintiffs should be, and they are hereby, granted a

New trial.

Judges MARTIN (Robert M.) and ERWIN concur.