359 So.2d 916 (1978)
INDIANA INSURANCE COMPANY, a Foreign Corporation, Appellant,
v.
Mildred COLLINS et al., Appellees.
Nos. 77-878, 77-879 and 77-1019.
District Court of Appeal of Florida, Third District.
June 20, 1978.
*917 Horton, Perse & Ginsberg and Edward A. Perse, Hawkesworth, Schmick, Ponzoli & Wassenberg, Miami, for appellant.
Alboum & Furlong and Estelle Furlong, Miami Beach, High, Stack, Davis & Lazenby and Alan R. Dakan, Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for appellee.
Before HENDRY and HUBBART, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
HENDRY, Judge.
Appellant insurer, defendant and third party plaintiff below, takes this consolidated appeal from three orders of the trial court which dismissed appellant's third party complaint against appellees, third party defendants below. We reverse.
The plaintiffs in the trial court were insured under the terms and provisions of a policy of automobile liability insurance issued to them by appellant. The policy, which provided uninsured/underinsured motorist coverage, further provided for direct Circuit Court action rather than the usual arbitration, to resolve disputes arising under the policy provisions relating to the uninsured/underinsured motorist coverage.
On January 23, 1976, plaintiffs' minor son, insured under appellant's policy, was injured in an automobile accident when the car in which he was a passenger was involved in an intersectional collision. Pursuant to the terms of the policy, on December 10, 1976, plaintiffs filed suit against appellant. Subsequently, appellant filed its third party complaint against the various appellees, to wit: the owner of the vehicle in which plaintiffs' son was riding, Foster; the driver of said vehicle, Edward Caronia, Jr., a minor; Edward Caronia, Sr., the driver's father; Travelers Insurance Company, Caronia, Sr.'s carrier; Ansley, the driver of the other vehicle involved in the accident; Fuchs Baking Co., the owner of said other vehicle; and Liberty Mutual Insurance Company, Fuchs' carrier. Basically, the third party complaint alleged that should plaintiffs recover from appellant, then appellees might be liable to appellant for damages.
All appellees moved to dismiss the third party complaint. Eventually, the trial judge dismissed the third party complaint with prejudice and this appeal follows.
Appellees argue that in order for appellant to file a third party complaint for subrogation, (1) the insureds (plaintiffs) must have first received payment from their insurer and (2) the subrogation complaint must then be filed by the insurer in the name of the insureds "for the use and benefit of" the insurer. We agree with appellee's position.
As succinctly stated in 18A Fla.Jur. Insurance § 945:
"It is well settled that an insurer, after payment of a loss incurred by the insured, is entitled to be subrogated pro tanto to any right of action that the insured may have against the third person whose negligence or wrongful act caused the loss. This right may be the right of conventional subrogation, that is, subrogation by agreement between the insurer and the insured, or the right of equitable subrogation, by operation of law, upon payment of the loss and without any formal assignment or any express stipulation to that effect." (Emphasis supplied.)
See also National Surety Corporation v. Bimonte, 143 So.2d 709 (Fla.3d DCA 1962). Additionally, pursuant to Gould v. Weibel, 62 So.2d 47 (Fla. 1952) and Central Mutual Insurance Company v. State Farm Mutual Automobile Insurance Company, 247 So.2d 94 (Fla.3d DCA 1971), the third party complaint for subrogation filed sub judice must be filed in the name of the insured for the use and benefit of the insurer.
*918 While appellant has neither settled its claim with its insureds, nor filed its third party subrogation claim in the name of the insureds, for the use and benefit of the insurer, we nevertheless are of the opinion that dismissal with prejudice was improper. Appellant should be given the opportunity to settle the claim with plaintiffs and then be allowed to file an amended third party complaint in the name of the plaintiffs for the use and benefit of the insurer. This two stage process, i.e., settlement and third party subrogation claim, may be completed in one proceeding or the trial judge, at his discretion, may bifurcate the stages holding a trial on plaintiffs' claims against appellant prior to the third party action. See Fla.R.Civ.P. 1.270.
Accordingly, the orders appealed from are reversed and the cause remanded for further proceedings consistent herewith.
Reversed and remanded.