366 So.2d 854 (1979)
Manuel QUINONES, Petitioner,
v.
FLORIDA FARM BUREAU MUTUAL INSURANCE COMPANY, and Paul S. Guglietta and Mary Primeuara, Respondents.
Paul S. GUGLIETTA and Mary Primeuara Guglietta, His Wife, Petitioners,
v.
FLORIDA FARM BUREAU MUTUAL INSURANCE COMPANY and Manuel Quinones, Respondents.
Nos. 78-1734, 78-1962.
District Court of Appeal of Florida, Third District.
January 30, 1979.
*855 Sally Weintraub, Miami, for Guglietta.
High, Stack, Lazenby & Bender and Alan R. Dakan, Miami, for Quinones.
Fowler, White, Burnett, Hurley, Banick & Knight and A. Blackwell Stieglitz, Miami, for Farm Bureau.
Before PEARSON, HUBBART and KEHOE, JJ.
PER CURIAM.
We are presented with two petitions for writs of certiorari which, in essence, allege that the trial court has failed to follow this court's directive in Indiana Insurance Company v. Collins, 359 So.2d 916 (Fla.3d DCA 1978). The situation here is identical in all essential respects to that in Collins.
Petitioner Quinones sued Florida Farm Bureau for uninsured motorist benefits, a suit for such benefits being required by his contract with the insurer. Florida Farm Bureau filed a third party complaint claiming entitlement to subrogation against Paul S. Guglietta and Mary Primeuara Guglietta, his wife, as the tortfeasors in the collision out of which Quinones is claiming uninsured motorist coverage. Quinones moved to strike the third party complaint for failure to state a cause of action and the Gugliettas moved for dismissal of the third party complaint. The trial court entered orders denying each of these motions.
It is clear from the Collins case and cases cited therein that the insurer does not, at this stage of the proceedings, have a cause of action against the Gugliettas. Thereupon, the writ of certiorari is granted and the orders denying the motions to dismiss and to strike for failure to state a cause of action are quashed. Pursuant to the procedure set forth in Collins, the trial court is required to dismiss the third party complaint without prejudice to renew the same at a subsequent stage in this proceeding if it shall appear at that time that the insurer has settled, or been held liable, on the plaintiff's claim.
It is so ordered.