HERSEY, Judge.
This appeal raises the narrow issue of whether it is procedurally appropriate for a respondent in an enforcement proceeding brought pursuant to Section 120.69, Florida Statutes (1983) to file a Third Party Complaint.
On August 18, 1977, the Department of Environmental Regulation entered a consent order requiring Century Utilities, Inc. “to connect its [sewage] treatment plant within 180 days to the regional treatment facility upon completion of proposed Pumping Station # 240....” The regional treatment facility is under the jurisdiction of Palm Beach County.
On February 25, 1983, the Department filed a petition for enforcement, seeking damages and other relief, pursuant to Section 120.69, Florida Statutes. The petition states that Pumping Station $240 was placed into service in November 1981 but that Century had not yet connected its sewage treatment plant to the facility. Century answered, denying any wrongdoing and *1179 asserting among other affirmative defenses that the consent order was based on a mutual mistake of fact and that its failure to comply with the consent order was due to acts of third parties over which it had no control. Subsequently, Century filed a third party claim against Palm Beach County seeking indemnity and contribution on the basis that any fault in the failure of Century to connect to Pumping Station $240 was solely the fault of the County. The lower court’s order dismissing the third party complaint without leave to amend is the subject of this appeal. The order states: “A Third Party claim does not appear to be contemplated or permitted in a proceeding pursuant to P.S. 120.69.” Whether this conclusion of the trial court is accurate depends upon the extent to which the Florida Rules of Civil Procedure apply in special statutory proceedings brought under the Administrative Procedure Act and particularly Section 120.69. The rules themselves make reference to the ambit of their applicability. Rule 1.010 provides:
These rules apply to all actions of a civil nature and all special statutory proceedings in the circuit courts and county courts except those to which the probate and guardianship rules or the summary claims procedure rules apply. The form, content, procedure and time for pleading in all special statutory proceedings shall be as prescribed by the statutes governing the proceeding unless these rules specifically provide to the contrary. These rules shall be construed to secure the just, speedy and inexpensive determination of every action. These rules shall be known as the Florida Rules of Civil Procedure.
Thus, the rules apply to “all special statutory proceedings” (such as an enforcement proceeding under Section 120.69) except that in such special proceedings the “form, content, procedure and time for pleading” are governed by the statute rather than the rules unless the rules expressly provide to the contrary. We find nothing in the rules “specifically providing] to the contrary” with reference to Section 120.69 proceedings or with reference to third party practice. Assuming, then, that the statute controls as to the enumerated factors (form, content, procedure, time), does this eliminate the possibility of looking back at the rules to engraft upon the statutory proceedings the third party practice concept embodied in Rule 1.180, Florida Rules of Civil Procedure?
The County argues, by analogy, that this question should be answered in the affirmative. Its position is that special statutory proceedings are designed for the consideration and disposition of certain enumerated issues and that it is inappropriate to insert any other issues into the litigation. Examples given in support of this argument are McCoy Restaurants, Inc. v. City of Orlando, 392 So.2d 252 (Fla.1980) (trial court lacked jurisdiction to consider validity of lease agreement between airport and its lessees in a bond validation proceeding under Chapter 75, Florida Statutes); Shavers v. Duval County, 73 So.2d 684 (Fla.1954) (in eminent domain proceedings the rights of mortgagees, judgment creditors and lienholders were to be considered in supplemental proceedings and not in the main action, as the jury is empanelled to decide what compensation should be made to the owners); and Vecellio v. Vecellio, 313 So.2d 61 (Fla. 4th DCA 1975) (the lower court erred in terminating a father’s child support obligation due to the mother’s failure to comply with a visitation order in a proceeding brought under Chapter 88, Florida Statutes, which chapter is for the determination of the child support duty only). None of the eases addresses the issue of a third party complaint or construction of Rule 1.010.
Century disagrees, pointing out that the comment to Rule 1.010, Florida Rules of Civil Procedure, explains that to the extent that statutes dealing with a particular civil action do not set out a rule for a particular phase of practice or procedure, such phase is governed by the rules of civil procedure. Because third party practice is neither proscribed nor referred to by the statute, the rule applies. Century also calls attention to the fact that Rule 1.180, Florida Rules of *1180 Civil Procedure, which governs third party practice, is applicable to the instant case, in light of its stated policy “[to secure] the just, speedy, and inexpensive determination of every action.”
A final point of contention between the parties relates to the language of the statute, Section 120.69(5), which provides:
(5) In any enforcement proceeding the respondent may assert as a defense the invalidity of any relevant statute, the inapplicability of the administrative determination to respondent, compliance by the respondent, the inappropriateness of the remedy sought by the agency, or any combination of the foregoing. In addition, if the petition for enforcement is filed during the time within which the respondent could petition for judicial review of the agency action, the respondent may assert the invalidity of the agency action.
The County contends that the statute, by reciting the defenses which may be raised by a respondent, effectively eliminates the possibility of a respondent filing a third party complaint. Century responds that the statute speaks only to limiting the availability of defenses and is not probative of the issue at hand. As far as we have been able to determine, this issue is one of first impression in Florida. No cases on point have been referred to by the parties and our independent research has disclosed none.
It seems reasonably clear that the statute (Section 120.69) does not itself specifically exclude the possibility of a third party complaint. Further, the special statutory proceedings called to our attention by the County purposely treat limited issues for reasons that are apparent — at least they seem to us to be apparent — in view of the nature of the proceeding involved. We are therefore not persuaded that third party practice is prohibited by the statute or by analogy to other statutory proceedings.
We turn, then, to a brief consideration of the practical consequences of permitting third party practice in the setting of agency enforcement proceedings. The agency seeks to enforce a rule or ruling against a respondent as expeditiously and, it is hoped, as inexpensively as possible. It. could be argued that to bring into the arena a third combatant against whom the respondent has a grievance only distantly related to the original issue being litigated may tend to inhibit the attainment of both of these goals. Should this become an actuality rather than a mere possibility, the trial court has a variety of options available to ameliorate any harmful effects, such as severing the issues for separate trials. The third party, being cast in the role of defendant, has no realistically assessable disadvantage whether his liability is determined within the Section 120.69 proceeding or later in an independent action. Finally, the judicial system can only benefit from a combination of the actions, leading toward consistency in determinations and efficiency in the use of court time and resources.
While this case may represent the first time a third party complaint has been permitted in an agency’s action for enforcement under Section 120.69, it will not be the first time that enforcement has been sought in litigation involving other issues. In Doyal v. School Bd. of Liberty County, 415 So.2d 791 (Fla. 1st DCA 1982), enforcement of an order of the Public Employees Relations Commission was one of four counts in the complaint, all of which were resolved in the single action.
For the reasons developed by the foregoing analysis, we reverse the order dismissing Century’s Third Party Complaint and order it reinstated. We remand the cause for further appropriate proceedings.
REVERSED AND REMANDED.
GLICKSTEIN and BARKETT, JJ., concur.