PER CURIAM.
National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National Union) and Fidelity and Deposit Company of Maryland (Fidelity) appeal from a final order dismissing their second amended third-party complaints for lack of jurisdiction. We affirm.
A stockholder of Hemisphere National Bank (Hemisphere) brought a derivative action against Hemisphere alleging that certain officers of the bank had negligently handled accounts involving the collection of foreign checks and that, as a result, Hemisphere had suffered a loss in excess of $900,000. National Union, which had issued a “Directors and Officers Liability and Company Reimbursement Policy” to Hemisphere, was joined as a defendant. As a consequence of the stockholder's de *767 rivative action, Hemisphere commenced a separate action against Fidelity on a banker’s blanket bond policy. The gist of Hemisphere’s. action against Fidelity was that the wrongful acts committed by certain officers and directors of the bank created a loss covered by the policy. These two cases were consolidated in January of 1984. Thereafter, Fidelity and National Union filed third-party complaints, which were based on subrogation theories, seeking to hold Southeast Bank, N.A., (Southeast) (a correspondent bank for Hemisphere) and other third-party defendants liable in the event that Fidelity or National Union were held liable to Hemisphere. Relying on this court’s decision in Allstate Insurance Co. v. Metropolitan Dade County, 436 So.2d 976 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 885 (Fla.1984), the trial court granted Southeast’s motion to dismiss the amended complaints of Fidelity and National Union. No appeal was taken from that order. Thereafter, National Union and Fidelity requested and received the permission of the trial court to amend their third-party complaints in order to add actions for declaratory relief pursuant to section 86.011, Florida Statutes (1983). These actions were also based on theories of subrogation. The trial court granted Southeast’s motions to dismiss the second amended third-party complaints. This appeal followed, and we affirm.
A right to subrogation does not arise until judgment is entered or payment has been made. See Quinones v. Florida Farm Bureau Mutual Insurance Co., 366 So.2d 854, 855 (Fla. 3d DCA), cert. denied, 376 So.2d 71 (Fla.1979); Allstate Insurance Co. v. Metropolitan Dade County, 436 So.2d at 980. Whether National Union and Fidelity will have causes of action against Southeast depends on the outcome of the cases presently before the trial court. They are not entitled to have subro-gation rights declared unless they can make a showing, which amounts to a condition precedent to any subrogation action, that either the primary actions have been settled or judgments have been entered for their insured. Their concern that the statute of limitations may run on their, potential subrogation claims against Southeast has been addressed by this court in Allstate. The policy considerations which underpin Allstate are equally as valid within the context of a declaratory judgment action,' and the appellants may not do indirectly what they concede they may not do directly. We, therefore, adhere to Allstate and affirm the trial court’s order.
Affirmed.