547 So.2d 1250 (1989)
ATTORNEYS' TITLE INSURANCE FUND, INC., a Florida Corporation, Appellant,
v.
PUNTA GORDA ISLES, INC., a Florida Corporation, Appellee.
No. 88-02664.
District Court of Appeal of Florida, Second District.
August 11, 1989.
Dwight A. Whigham, Fort Myers, for appellant.
No appearance for appellee.
ALTENBERND, Judge.
Attorneys' Title Insurance Fund, Inc. (The Fund), appeals an order dismissing without prejudice its third party complaint against Punta Gorda Isles. Although the order does not preclude a separate, subsequent lawsuit, it does permanently dismiss Punta Gorda Isles as a party to this action. Accordingly, we have jurisdiction to review this partial final judgment. Fla.R.App.P. 9.110(k). See New Hampshire Ins. Co. v. Petrik, 343 So.2d 48 (Fla. 1st DCA 1977).
The Fund issued an owners' title insurance policy to Immobiliere Des Pins (Immobiliere) in June 1982, insuring property in Charlotte County, Florida. Immobiliere, a Canadian corporation, purchased the property from Punta Gorda Isles and received a warranty deed.
In 1986, Immobiliere was sued by an adjacent landowner who claimed superior title to a ten-foot strip on the western edge of the property. Immobiliere notified The Fund of the lawsuit and requested both coverage and a defense under the policy. The Fund acknowledged liability under the title policy, but disputed the damages.
Immobiliere then filed this lawsuit against The Fund for payment under the title policy. The Fund immediately filed a third party complaint against Punta Gorda Isles alleging that, if it was liable to pay under its insurance policy, in its capacity as subrogee of Immobiliere, it was entitled to recover against Punta Gorda Isles for breach of the warranty deed.
*1251 Punta Gorda Isles moved to dismiss the complaint on grounds that The Fund had not yet made any payment to its insured and that the action was premature. Punta Gorda Isles relied upon decisions from the Third District. National Union Fire Ins. Co. v. Southeast Bank, N.A., 476 So.2d 766 (Fla. 3d DCA 1985); Quinones v. Fla. Farm Bureau Mut. Ins. Co., 366 So.2d 854 (Fla. 3d DCA 1979). The lower court agreed that the subrogation claim was premature because The Fund had not yet entered into any settlement or payment of a claim and, thus, dismissed the action without prejudice.
The issue presented by this case is whether Florida Rule of Civil Procedure 1.180 permits the expedited presentation of a subrogation claim and allows the claim to be pursued as a contingent claim prior to payment. Recognizing conflict with the Third District, we hold that subrogation claims, similar to contribution and indemnity claims, are appropriate controversies for expedited presentation under rule 1.180.[1]
In several cases, the Third District has ruled that subrogation claims are not controversies which can be expedited under the third party practice permitted by rule 1.180. In Indiana Insurance Co. v. Collins, 359 So.2d 916 (Fla. 3d DCA 1978), the Third District considered a case in which the plaintiff had sued his automobile liability insurance carrier for uninsured motorist coverage. The uninsured motorist carrier, in turn, filed a third party complaint against the alleged tortfeasors. The Third District ruled that the insurance carrier must first pay its insured before a mature right of subrogation would exist against the tortfeasors. In Quinones and National Union, the Third District followed the reasoning of Collins and dismissed third party complaints for subrogation. The Quinones and National Union cases also reasoned that a third party complaint for subrogation was inappropriate because a "cause of action" for subrogation did not exist until the payment had been made, and that payment was a condition precedent to any subrogation action.
We decline to follow the Third District's prohibition against third party subrogation claims for several reasons. First, virtually all third party claims involve situations in which a cause of action does not technically exist at the time the third party complaint is filed. For example, the statutory right of contribution does not exist until the tortfeasor "has paid more than his pro rata share of the common liability... ." § 768.31(2)(b), Fla. Stat. (1987) (emphasis added). Nevertheless, a claim for contribution can be brought as a cross-claim or a third party claim, on a contingent basis, prior to the payment. Nationwide Mut. Ins. Co. v. Fouts, 323 So.2d 593 (Fla. 2d DCA 1975); Wallace v. Strassel, 479 So.2d 231 (Fla. 4th DCA 1985); Petrik; Mount Sinai Hosp. of Greater Miami v. Mora, 342 So.2d 1063 (Fla. 3d DCA 1977). Likewise, a claim for indemnity does not accrue until the underlying claim has been paid, but rule 1.180 permits the accelerated presentation of a claim for indemnity. Mims Crane Serv., Inc. v. Insley Mfg. Corp., 226 So.2d 836 (Fla. 2d DCA), cert. denied, 234 So.2d 122 (Fla. 1969).
The Third District's analysis of rule 1.180 does not sufficiently recognize a defendant's option to implead a person who "may be liable to the defendant for all or a part of the plaintiff's claim against the defendant... ." Fla.R.Civ.P. 1.180(a). This rule is intended to permit the expedited presentation of contingent claims when that practice will avoid the probability of multiple lawsuits arising from one set of facts. Mims Crane; see generally 3 Moore's Federal Practice ¶ 14.04 (1989). Certainly, subrogation claims, like contribution and indemnity claims, can result in multiple lawsuits arising from common issues of fact or law. Thus, the rationale presented by the Third District in Collins, Quinones, and National Union does not justify the holding.
*1252 Second, we see no rationale which would justify treating subrogation claims in a manner which is substantially different from indemnity or contribution claims. If anything, a comparison of subrogation, contribution, and indemnity supports the greater need for third party practice concerning subrogation claims. For example, in the absence of third party practice, parties with potential subrogation rights can lose those rights while the initial litigation is pending because of the statute of limitations. By statute, a claim for contribution can be brought within one year after the payment. § 768.31(4), Fla. Stat. (1987). Likewise, a cause of action for indemnity does not accrue until payment, and the statute of limitations only begins to run at that time. Mims Crane. On the other hand, a claim for contractual subrogation is a claim in which the subrogee stands in the shoes of the subrogor. Thus, the statute of limitations runs from the date of injury to the subrogor. Allstate Ins. Co. v. Metro. Dade County, 436 So.2d 976 (Fla. 3d DCA 1983), review denied, 447 So.2d 885 (Fla. 1984).
Moreover, it is well established that a judgment rendered against an indemnitee is conclusive for the purposes of res judicata and estoppel by judgment against an indemnitor who has been given timely notice and an opportunity to defend the action. Hull & Co. v. McGetrick, 414 So.2d 243 (Fla. 3d DCA 1982). By contrast, unless the tortfeasor or party breaching the contract is a third party defendant in the initial action between a subrogor and a subrogee, that party is not typically bound by the judgment or the findings of fact in the initial action. If the subrogee is required to sue the tortfeasor or the party breaching the contract in a subsequent lawsuit, inconsistent results can easily occur.[2]
Subrogation is similar to contribution and to most indemnity claims in that a defendant who desires to file a third party claim for subrogation is merely impleading a party whom the plaintiff could have sued initially. Certainly, Immobiliere in this case could have sued both The Fund and Punta Gorda Isles. If Immobiliere had sued the two parties in separate lawsuits, it would have been reasonable to consolidate the suits. Fla.R.Civ.P. 1.270(a). A third party claim for subrogation always involves a claim in which a cause of action exists against the third party defendant. The cause of action simply belongs to the plaintiff until the defendant/third party plaintiff pays the claim. The subrogation claim is not a new cause of action. Instead, subrogation merely substitutes one person for another with reference to an existing lawful claim or right. Boley v. Daniel, 72 Fla. 121, 72 So. 644 (1916). Thus, the comparison between contribution, indemnity, and subrogation does not support a different rule in third party practice for subrogation claims.
Finally, we see no reason for Florida Rule of Civil Procedure 1.180 to be interpreted in a manner which is substantially different from rule 14 of the Federal Rules of Civil Procedure. Rule 14 creates a similar third party practice in the federal courts. It is well recognized that the federal rule permits the expedited presentation of subrogation claims. Glens Falls Indem. Co. v. Atl. Bldg. Corp., 199 F.2d 60 (4th Cir.1952); 3 Moore's Federal Practice ¶ 14.08 (1989); 6 Wright & Miller, Federal Practice & Procedure, §§ 14.46 & 14.51 (1971). Had Immobiliere, as a Canadian corporation, brought this action in federal court, it seems clear that The Fund could have impleaded Punta Gorda Isles for subrogation. We believe that The Fund should have that same option in state court.
We can envision lawsuits in which defendants could overly complicate the litigation by excessive third party practice. Likewise, we can foresee cases in which the joinder of third party defendants could unfairly prejudice plaintiffs in the orderly presentation *1253 of their claims[3] or unfairly subject the third party defendants to litigation expenses for issues not directly related to the third party claim. To avoid these problems, the trial court does have discretion to sever a third party claim pursuant to Florida Rule of Civil Procedure 1.270(b) or to dismiss an inappropriate third party complaint. Boling v. Barnes, 198 So.2d 377 (Fla. 2d DCA 1967). In this case, the trial court did not exercise its discretion, but rather mistakenly dismissed the action on the assumption that it had no other alternative. Given the interrelationship of the issues presented by the initial claim and the third party claim, we doubt that the trial court would have dismissed this action had it recognized the act to be discretionary. Perhaps there are facts and circumstances that are not apparent on the face of the appellate record which would justify the trial court in dismissing or severing this third party claim. Accordingly, we reinstate the third party complaint without prejudice to the trial court's right to sever or dismiss the third party complaint if that action appears appropriate to the trial court under all the circumstances of this case.
Reversed and remanded to the trial court for proceedings consistent herewith.
FRANK, A.C.J., and HALL, J., concur.
NOTES
[1] At least in dicta, this court has recognized the propriety of a third party claim for subrogation. VTN Consol., Inc. v. Coastal Eng'g Assocs., Inc., 341 So.2d 226 (Fla. 2d DCA 1976), cert. denied, 345 So.2d 428 (Fla. 1977); Leggiere v. Merrill Lynch Realty/Fla., Inc., 544 So.2d 240 (Fla.2d DCA 1989).
[2] For example, an insured may sue his insurance carrier for uninsured motorist benefits and establish that his or her injuries were caused by an uninsured tortfeasor. Since the alleged tortfeasor is not a party to the action, a second jury in the case between the insurance company and the tortfeasor could reach the opposite conclusion.
[3] Especially in cases involving partial assignment of claims under conventional subrogation agreements, this seems possible. For example, a health insurance carrier which was sued by its insured for coverage of medical bills incurred in connection with an accident would prejudice its insured's tort claim if the insurance carrier brought the tortfeasor into the coverage litigation. Typically, the insured/plaintiff should be allowed to bring his or her own action against the tortfeasor in such cases. See Blue Cross and Blue Shield of Fla. v. Matthews, 498 So.2d 421 (Fla. 1986). This is perhaps an example of an attempt at third party practice which is inappropriate because the initial action and the third party action do not actually share common issues of law or fact.