KLEIN, Judge.
We reverse a determination that appellants’ third party complaint, seeking indemnity against a lawyer for malpractice, did not state a cause of action.
A credit union filed an interpleader action against a corporation and the appellant Olivi-eri, alleging that they were both asserting ownership of funds. The corporation filed a cross-claim against Olivieri alleging it owned the funds, but that Olivieri was the only signatory on the account. Olivieri filed a counterclaim against the corporation alleging the funds were his, and a third party complaint seeking indemnification against appel-lee Klausner, a lawyer. Olivieri alleged that Klausner was negligent in his representation of both the corporation and Olivieri, that these funds belonged to Olivieri, and that Klausner’s negligence exposed Olivieri to losing his funds to the corporation.
Indemnity is a right which inures to one who discharges a duty owed by him, but which, as between himself and another, should have been discharged by the other....
⅜ ‡ ⅜ ⅝ ⅜ ⅜
It shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some *1336 vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter’s wrongdoing for which the former is held liable.
Houdaille Industries, Inc. v. Edwards, 374 So.2d 490, 492-93 (Fla.1979).
If Klausner’s negligence in his representation of the corporation and Olivieri has exposed Olivieri to a loss, Olivieri has a right to seek indemnity against Klausner under Fla. R.Civ.P. 1.180. We therefore reverse the order dismissing the third party complaint.
DELL, C.J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.