689 So.2d 1197 (1997)
BENCHWARMERS, INC., Appellant,
v.
Nathaniel GORIN, as Personal Representative of the Estate of Ruth Gorin, deceased, Oscar A. Soto, M.D., and Ing-Sei Hwang, M.D., Appellees.
No. 96-0760.
District Court of Appeal of Florida, Fourth District.
March 12, 1997.
Edward D. Schuster of Kessler, Massey, Catri, Holton & Kessler, P.A., Fort Lauderdale, for Appellant.
Esther E. Galicia of George, Hartz, Lundeen, Flagg & Fulmer, Fort Lauderdale, for Appellee IngSei Hwang, M.D..
STEVENSON, Judge.
Benchwarmers, Inc. appeals the dismissal of its Amended Third Party Complaint against Dr. Ing-Sei Hwang for failure to *1198 state a claim. Because we conclude that the complaint contained all of the essential elements for a cause of action in equitable subrogation, we reverse.
Nathaniel Gorin, as the personal representative of the estate of Ruth Gorin, initiated this action against Benchwarmers, alleging that Ruth Gorin fractured her foot on Benchwarmers' premises as a result of Benchwarmers' negligence. The complaint further alleges that resulting blood clots ultimately killed Mrs. Gorin.
Benchwarmers filed a Third Party Complaint against Dr. Oscar Soto and Dr. Ing-Sei Hwang, seeking recovery of any damages that might be assessed against it in the Gorin suit. The Third Party Complaint alleges the doctors' negligent treatment of Ruth Gorin's foot, which allowed the injury to become fatal.
Benchwarmers and the Gorin estate reached a settlement under which Benchwarmers paid the estate $60,000 on behalf of itself and Drs. Soto and Hwang, in exchange for the release of all three from suit. Benchwarmers then settled with Dr. Soto in the subrogation action, leaving Benchwarmers and Dr. Hwang as the only remaining litigants. The trial court then granted Dr. Hwang's Motion to Dismiss Benchwarmers' Amended Third Party Complaint, agreeing that the estate's release of Dr. Hwang insulated him from Benchwarmers' subrogation claim.
Following Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702, 704(Fla.1980), Benchwarmers, as the initial tortfeasor, is subject to the total financial burden of Ruth Gorin's injuries, including those directly attributable to Dr. Hwang's subsequent malpractice. However, Underwriters provides Benchwarmers with a right to reimbursement from Dr. Hwang in the form of "equitable subrogation":
Subrogation is an equitable doctrine whereby the initial tortfeasor/defendant is placed "in the shoes" of the plaintiff. 30 Fla. Jur. Subrogation § 11. It is a legal device "founded on the proposition of doing justice without regard to form, and was designed to afford relief where one is required to pay a legal obligation which ought to have been met, either wholly or partially, by another." [citations omitted.]
. . . . .
The initial tortfeasor is simply trying to recoup his losses that in fairness should be shared with a negligent doctor. Under this doctrine the financial burden is equitably apportioned among the responsible parties, and negligent doctors can no longer escape liability for their actions.
Id.
Benchwarmers' Amended Third Party Complaint adequately states a claim for equitable subrogation. It alleges that Benchwarmers was being sued by the estate for injuries Ruth Gorin sustained on its premises; that Dr. Hwang was a treating physician; that Mrs. Gorin died as a result of Dr. Hwang's negligence; that Benchwarmers completely settled with the estate for the full extent of Mrs. Gorin's injuries, on its own behalf and on behalf of Dr. Hwang; that the estate released Benchwarmers and Dr. Hwang from suit; that Benchwarmers is an "equitable subrogee" of Nathaniel Gorin, as personal representative of Ruth Gorin's estate; and that Benchwarmers seeks reimbursement from Dr. Hwang for his share of the liability. See Hertz Corp. v. Stuart, 422 So.2d 38 (Fla. 4th DCA 1982)(similar facts stated a cause of action for equitable subrogation).
Relying on Rucks v. Pushman, 541 So.2d 673 (Fla. 5th DCA), rev. denied, 549 So.2d 1014 (Fla.1989), Dr. Hwang argues that because Benchwarmers stands "in the shoes" of the estate, Benchwarmers' action is precluded by the estate's release of him. However, Dr. Hwang's reliance on Rucks is misplaced. Rucks addressed whether an injured plaintiff can sue a subsequent tortfeasor after releasing the initial tortfeasor when it is unclear under the terms of the settlement whether the subsequent tortfeasor has also been released. The court held that an ambiguous settlement and release are construed as compensating for the entire injury, and releasing all tortfeasors, with the initial tortfeasor subrogated to the victim's cause of action against the subsequent tortfeasor. The instant case neither involves an ambiguous settlement *1199 agreement nor concerns the resulting rights of the injured party.
Here, it is undisputed that the estate released Benchwarmers and both doctors; the issue is Benchwarmers' right to reimbursement from Dr. Hwang given that Benchwarmers, as assignee, now stands in the shoes of the estate, the party that released Dr. Hwang from suit.
It is true that Benchwarmers, as assignee and as subrogee, generally stands "in the shoes" of Ruth Gorin's estate, the assignor and subrogor. Underwriters, 382 So.2d at 704. However, the mechanical application of this language sought by Dr. Hwang, which might be appropriate in the general context of an assignment standing alone, would defeat the very purpose of the equitable subrogation remedy, which is "founded on the proposition of doing justice without regard to form." Id. The doctrine exists to prevent unjust enrichment. West American Ins. Co. v. Yellow Cab Co. of Orlando, 495 So.2d 204, 207 (Fla. 5th DCA 1986), rev. denied, 504 So.2d 769 (Fla.1987). Accordingly, we find that Benchwarmers' Amended Third Party Complaint adequately states a claim for equitable subrogation, and that the estate's release of Dr. Hwang does not preclude Benchwarmers' claim against him. We note that other courts have reached the same conclusion. See, e.g., Polec v. Northwest Airlines, Inc., 86 F.3d 498, 550 (6th Cir.1996); Newcomer v. Masini, 45 Wash.App. 284, 724 P.2d 1122, 1126 (1986).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
FARMER and GROSS, JJ., concur.