769 So.2d 484 (2000)
Albert GORTZ, individually and in his official capacity with Proskauer Rose LLP, f/k/a Proskauer Rose Goetz & Mendelsohn LLP, and Proskauer Rose LLP, f/k/a Proskauer Rose Goetz & Mendelsohn LLP, Appellants,
v.
LYTAL, REITER, CLARK, SHARPE, ROCA, FOUNTAIN & WILLIAMS, a partnership, and Joseph J. Reiter, individually, and as a partner of Lytal, Reiter, Clark, Sharpe, Roca, Fountain & Williams, and Jack Satter, Appellees.
No. 4D98-4332.
District Court of Appeal of Florida, Fourth District.
October 18, 2000.
*485 James W. Beasley, Jr., and Robert J. Hauser of Beasley, Leacock & Hauser, P.A., West Palm Beach, and Howard K. Coates, Jr., and Mary F. April of Proskauer Rose LLP, Boca Raton, for appellants.
Julie H. Littky-Rubin of Lytal, Reiter, Clark, Fountain & Williams, LLP, for Appellees-Lytal, Reiter, Clark, Sharpe, Roca, Fountain & Williams, a partnership, and Joseph J. Reiter, individually, and as a partner of Lytal, Reiter, Clark, Sharpe, Roca, Fountain & Williams.
SHAHOOD, J.
Appellant, Albert Gortz ("Gortz"), individually, and in his official capacity with Proskauer Rose Goetz and Mendelsohn, LLP. ("Proskauer Rose"), appeals a final order dismissing without prejudice and without leave to amend, his amended third-party complaint for equitable subrogation and contribution against Joseph J. Reiter, individually, and as a partner of Lytal, Reiter, Clark, Sharpe, Roca, Fountain, and Williams, a partnership ("Lytal Reiter"). While the referenced order does not preclude a later filed separate action against Lytal Reiter, it does permanently dismiss them as third-party defendants in this action.
Pursuant to New Hampshire Insurance Co. v. Petrik, 343 So.2d 48 (Fla. 1st DCA 1977) and Florida Rule of Appellate Procedure 9.110(k), we have jurisdiction to review the final order. We reverse and remand with directions to the trial court to reinstate appellant's third-party complaint.
This case had its origin in the relationship between Jack Satter ("Satter") and Nancy Bernard ("Bernard"). Prior to their marriage on December 23, 1986, Satter and Bernard entered into a prenuptial agreement prepared by Gortz, who was Satter's attorney and a partner at Proskauer Rose. The agreement provided that in the event of a divorce, Bernard would receive $1 million, a home, a vehicle, and another $1.5 million from Satter's estate if she survived him by sixty days. Bernard would receive nothing, however, if she ceased to cohabitate with Satter or if she instituted an action to dissolve the marriage.
A dissolution of marriage action ultimately was filed, and resulted in extensive litigation which centered on whether Bernard "cease[d] to cohabitate" with Satter, or whether she was forced out by his alleged physical and emotional abuse.
Bernard subsequently filed a separate intentional tort claim against Satter in 1994 for assault, battery, and intentional infliction of emotional distress. Lytal Reiter represented Satter in the tort action. During the tort action, Satter served on three different dates, three offers of judgment on Bernard, each in the amount of $75,000. None was accepted. A verdict of no liability was ultimately entered in favor of Satter, and final judgment was entered in his favor.
Based on the three rejected offers of judgment, Satter would have been able to recover attorney's fees; however, the motion for fees was not timely filed, and was, therefore, stricken. On Lytal Reiter's advice, Satter ultimately settled his claims for attorney's fees in the tort action for a payment from Bernard in the amount of $20,000.
Lytal Reiter, on behalf of Satter, filed the underlying legal malpractice action against Proskauer Rose. The complaint alleged that Proskauer Rose negligently drafted the prenuptial agreement, resulting in unnecessary litigation because (1) the firm failed to include a release provision that would have precluded all claims by Bernard; (2) the language "ceases to cohabitate," spawned unnecessary litigation in the dissolution proceedings because it was never defined in the agreement; and (3) the agreement failed to address issues of personal property and commingling. Satter sought to recover all attorney's fees incurred by him in the divorce and tort actions.
*486 Proskauer Rose filed a third-party complaint against Lytal Reiter alleging that Proskauer Rose was entitled to equitable subrogation or contribution from Lytal Reiter due to the latter's failure to timely move for attorney's fees on behalf of Satter pursuant to the offers of judgment served on Bernard in the tort action. Although final judgment was entered for Satter on June 27, 1996, in the tort action, Lytal Reiter did not move for attorney's fees under section 45.061, Florida Statutes (1995), until October 4, 1996, ninety nine days after the entry of the final judgment. Proskauer Rose alleged that "Lytal & Reiter's negligence proximately caused Satter to lose the right to recover from Bernard the majority of his attorneys' fees incurred in the tort action, the same attorneys' fees that Satter now seeks in damages from Proskauer." Proskauer Rose also alleged that Lytal Reiter negligently advised Satter to settle the tort action with Bernard for an amount significantly less than what he should have recovered in attorney's fees.
Lytal Reiter moved to dismiss Proskauer Rose's third-party complaint because (1) the parties were not joint tortfeasors; (2) Lytal Reiter was exonerated as a matter of law; and (3) the right to subrogation does not arise until a judgment has been entered or payment has been made. The trial court granted Lytal Reiter's motion "without prejudice and without leave to amend," and entered judgment in favor of Lytal Reiter. That judgment is the subject of this appeal.
On a motion to dismiss, "the trial court is necessarily confined to the well-pled facts alleged in the four corners of the complaint...." Jordan v. Griley, 667 So.2d 493, 493 (Fla. 3d DCA 1996). "Whether a complaint is sufficient to state a cause of action is an issue of law. Consequently, a ruling on a motion to dismiss for failure to state a cause of action is reviewable on appeal by the de novo standard of review." Sarkis v. Pafford Oil Co., 697 So.2d 524, 526 (Fla. 1st DCA 1997). In reviewing an order granting a motion to dismiss, the appellate court must "treat the factual allegations of the amended complaint as true and consider them in the light most favorable to the appellant." Burtman v. Technical Chems. & Prods., Inc., 724 So.2d 672, 673 (Fla. 4th DCA 1999).
Florida Rule of Civil Procedure 1.180, provides that at any time after commencement of an action, a defendant may serve a complaint on a non-party to the action "who is or may be liable to the defendant for all or part of the plaintiff's claim against the defendant." Rule 1.180(a), Fla. R. Civ. P. (emphasis added). The policy behind the rule is to avoid multiple actions. See State Dep't of Transp. v. San Marco Contracting Co., 355 So.2d 133 (Fla. 1st DCA 1978).
Proskauer Rose's amended third-party complaint alleged that Lytal Reiter was liable to Proskauer Rose under subrogation and/or contribution. Equitable subrogation is "`founded on the proposition of doing justice without regard to form.' The doctrine exists to prevent unjust enrichment." Benchwarmers, Inc. v. Gorin, 689 So.2d 1197, 1199 (Fla. 4th DCA 1997) (quoting Underwriters at Lloyds v. City of Lauderdale Lakes, 382 So.2d 702, 704 (Fla. 1980)). "The policy behind the doctrine is to prevent unjust enrichment by assuring that the person who in equity and good conscience is responsible for the debt is ultimately answerable for its discharge." Kala Invs., Inc. v. Sklar, 538 So.2d 909, 917 (Fla. 3d DCA 1989). Application of the doctrine depends upon the facts and circumstances of each case, "`having for its basis the doing of complete and perfect justice between the parties without regard to form.'" Id. (quoting Dantzler Lumber & Export Co. v. Columbia Cas. Co., 115 Fla. 541, 551, 156 So. 116, 119 (1934)).
A claim for contribution arises when "parties have a common liability to the injured person." Florida Farm Bureau Cas. Co. v. Batton, 444 So.2d 1128, *487 1129 (Fla. 4th DCA 1984). A contribution claim may be brought by third-party complaint under Rule of Civil Procedure 1.180. See New Hampshire Ins. Co. v. Petrik, 343 So.2d 48 (Fla. 1st DCA 1977).
Lytal Reiter argues that Proskauer Rose's subrogation claim may not be brought until a judgment has been entered or payment made by Proskauer Rose. That argument is consistent with National Union Fire Ins. Co. of Pittsburgh v. Southeast Bank, 476 So.2d 766, 767 (Fla. 3d DCA 1985), where the Third District held that "[a] right to subrogation does not arise until judgment is entered or payment has been made." Whether subrogation applies depends on the outcome of the cases before the trial court. Id.; see also Quinones v. Florida Farm Bureau Mut. Ins. Co., 366 So.2d 854 (Fla. 3d DCA 1979).
In Attorneys' Title Insurance Fund, Inc. v. Punta Gorda Isles, Inc., 547 So.2d 1250 (Fla. 2d DCA 1989), however, the Second District declined to follow the Third District's decision in National Union. In the former case, Attorneys' Title Insurance Fund ("the Fund") was responsible to the purchaser of a parcel of property under a title insurance policy. The Fund brought a third-party complaint for subrogation against the seller of the property, Punta Gorda Isles, for breach of warranty deed. The trial court dismissed the third-party complaint based on the rationale that the action was premature since the Fund had not yet made any payment on the main claim. The Second District reversed, holding that "subrogation claims, similar to contribution and indemnity claims, are appropriate controversies for expedited presentation under rule 1.180." Attorneys' Title Ins. Fund, 547 So.2d at 1251. The court reasoned that (1) "virtually all third party claims involve situations in which a cause of action does not technically exist at the time the third party complaint is filed;" (2) "no rationale ... justif[ies] treating subrogation claims in a manner which is substantially different from indemnity or contribution claims," particularly since "parties with potential subrogation rights can lose those rights while the initial litigation is pending because of the statute of limitations;" and (3) Rule 1.180 should not "be interpreted in a manner which is substantially different from rule 14 of the Federal Rules of Civil Procedure." Id. at 1251-52.
This court has held that defendants may bring contingent third-party claims for indemnification and contribution. See, e.g., Olivieri v. Florida Ass'n of Public Employee Pension Trustees, Inc., 627 So.2d 1335, 1336 (Fla. 4th DCA 1993) (reversing trial court's holding that the defendant's third-party complaint for indemnity against an attorney for malpractice did not state a cause of action because Fla. R. Civ. P. 1.180 provides the basis for the defendant's indemnity action); see also Linpro Florida Inc. v. Almandinger, 603 So.2d 666 (Fla. 4th DCA 1992) (reversing to allow third-party claim for indemnity based on "or may be" language of Rule 1.180); Century Utils., Inc. v. Palm Beach County, 458 So.2d 1178, 1180 (Fla. 4th DCA 1984) (allowing a third-party claim in section 120.69 administrative proceeding because "the judicial system can only benefit from a combination of the actions, leading toward consistency in determinations and efficiency in the use of court time and resources"). Moreover, rule 1.180 clearly provides that a defendant is entitled to file a complaint against a third party who "may be liable" to the defendant for all or part of a plaintiff's claim against the defendant; the rule does not apply solely to permit claims against third parties who are presently liable to the defendant.
Like the Second District in Attorneys' Title, we decline to follow the Third District's prohibition against third-party claims for indemnity against parties which may be liable to a defendant at the conclusion of the proceedings. We also follow the reasoning of the Second District in the Attorneys' Title case where it was recognized that the trial court has discretion to either sever a third party claim pursuant *488 to Florida Rule of Civil Procedure 1.270(b) or to dismiss a third party complaint. The rationale was as follows:
We can envision lawsuits in which defendants could overly complicate the litigation by excessive third party practice. Likewise, we can foresee cases in which the joinder of third party defendants could unfairly prejudice plaintiffs in the orderly presentation of their claims or unfairly subject the third party defendants to litigation expenses for issues not directly related to the third party claim. To avoid these problems, the trial court does have discretion to sever a third party claim pursuant to Florida Rule of Civil Procedure 1.270(b) or to dismiss an inappropriate third party complaint. Boling v. Barnes, 198 So.2d 377 (Fla. 2d DCA 1967).
Attorneys' Title, 547 So.2d at 1252-53.
Accordingly, we reverse and remand with directions to reinstate the third-party complaint without prejudice to the trial court, in its discretion, to sever or dismiss the third-party complaint, if such action is warranted after considering all of the circumstances of the case. Because we are reinstating the third-party complaint, we decline to address the second issue raised by appellant.
REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.
STONE, J., and JULIAN, JOYCE A., Associate Judge, concur.