LAMBERT, J.
' Florida Peninsula Insurance Company (“FPIC”) was sued for breach of contract by Lisa and Phillip Smith after it denied the Smiths’ claim under their homeowner’s insurance policy following water damage in the kitchen of their home. In turn, FPIC filed a third-party complaint against Ken Mullen Plumbing, Inc. (“Mullen”), arguing that Mullen’s negligence caused the Smiths’ damages.[1] The third-party complaint raised claims for (Count I) common law indemnity, (Count II) negligence, and (Count III) equitable subrogation. The trial court dismissed Counts I and II with prejudice and dismissed Count III without prejudice, but also without leave to amend. FPIC’s ore terms motion for leave to amend was also denied. We reverse, holding that the trial court erred in dismissing the equitable subrogation and common law indemnity claims because the claims were sufficiently pleaded. With respect to the negligence claim, we also find that the trial court erred by failing to grant leave to amend.
*196 In this case, the trial court failed to provide its reasoning in its order. Nevertheless, the standard of review of an order granting a motion to dismiss is de novo. Fox v. Prof'l Wrecker Operators of Fla., Inc., 801 So.2d 175, 178 (Fla. 5th DCA 2001). Essentially, the question before this court, much like the question before the trial court, is whether the allegations in the third-party complaint are sufficient to state a cause of action. See id.
Common Law Indemnity
A claim for common law indemnity is one that “shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the costs because it was the latter’s wrongdoing for which the former is held liable.” Houdaille Indus., Inc. v. Edwards, 374 So.2d 490, 493 (Fla.1979) (citing Mims Crane Serv., Inc. v. Insley Mfg. Corp., 226 So.2d 836 (Fla. 2d DCA 1969); Westinghouse Elec. Corp. v. J.C. Penney Co., 166 So.2d 211 (Fla. 1st DCA 1964)). To plead a cause of action for common law indemnity in Florida, the party seeking indemnity must allege three elements: “1) that he is wholly without fault; 2) that the party from whom he is seeking indemnity is at fault; and 3) that he is liable to the injured party only because he is vicariously, constructively, derivatively, or technically liable for the wrongful acts of the party from whom he is seeking indemnity.” Fla. Farm Bureau Gen. Ins. Co. v. Ins. Co. of N. Am., 763 So.2d 429, 435 (Fla. 5th DCA 2000) (citing Gate Lands Co. v. Old Ponte Vedra Beach Condo., 715 So.2d 1132 (Fla. 5th DCA 1998)).
Here, based on our limited record, it appears Mullen successfully argued that FPIC’s claim for common law indemnity was insufficiently pleaded because FPIC did not and could not allege-that there was a “special relationship” between the two parties, as the Smiths, not FPIC, hired Mullen to perform plumbing services. See Dade Cnty. Sch. Bd. v. Radio Station WQBA 731 So.2d 638, 642 (Fla.1999) (“Florida courts have required a special relationship between the parties in order for common law indemnification to exist.” (citing Houdaille, 374 So.2d at 493)). However, “[t]he term ‘special relationship’ merely describes a relationship which makes a faultless party ‘only vicariously, constructively, derivatively, or technically liable for the wrongful acts’ of the party at fault.” Diplomat Props. Ltd. P’ship v. Tecnoglass, LLC, 114 So.3d 357, 362 (Fla. 4th DCA 2013) (citing Houdaille, 374 So.2d at 492). Moreover, as stated in Auto-Oumers Insurance Co. v. Ace Electrical Service, Inc., 648 F.Supp.2d 1371 (M.D.Fla.2009):
Of the terms “vicarious,” “constructive,” “derivative” and “technical” liability, only “vicarious liability” is a recognized term of art, and it is typically used to describe liability imposed by agency law. The Florida Supreme Court’s analysis in Houdaille strongly suggests that the other three terms, “constructive,” “derivative,” and “technical,” are meant merely to capture the concept that the party seeking indemnity must be without fault.
Id. at 1379.[2] Here, FPIC alleged that it is wholly without fault, that Mullen is at fault *197 because its allegedly defective work caused the water damage to the Smiths’ residence, and that FPIC is liable to the Smiths for those damages. Therefore, consistent with Houdaille and the spirit and purpose of common law indemnity in general, we find that FPIC sufficiently pleaded a cause of action for common law indemnity against Mullen, and it was error to dismiss its claim with prejudice.
Equitable Subrogation
“The policy behind the doctrine [of equitable subrogation] is to prevent unjust enrichment by assuring that the person who in equity and good conscience is responsible for the debt is ultimately answerable for its discharge.” Kala Invs., Inc. v. Sklar, 538 So.2d 909, 917 (Fla. 3d DCA 1989) (citing E. Nat’l Bank v. Glendale Fed. Sav. & Loan Assoc., 508 So.2d 1323, 1324 (Fla. 3d DCA 1987)). Application of the doctrine “depends upon the facts and circumstances of each case ‘having for its basis the doing of complete and perfect justice between the parties without regard to form.’” Id. (citation omitted) (quoting Dantzler Lumber & Exp. Co. v. Columbia Cas. Co., 115 Fla. 541, 156 So. 116, 119 (1934)); see also Gortz v. Lytal, Reiter, Clark, Sharpe, Roca, Fountain & Williams, 769 So.2d 484, 486 (Fla. 4th DCA 2000) (“Equitable subrogation is ‘founded on the proposition of doing justice without regard to form. The doctrine exists to prevent unjust enrichment.’ ” (quoting Benchwarmers, Inc. v. Gorin, 689 So.2d 1197, 1199 (Fla. 4th DCA 1997))-(internal quotation marks omitted)).
In the order on appeal, the lower court did not explain its reasoning for dismissing this cause of action with prejudice. There is also no transcript of the hearing. Nevertheless, based upon our review of the briefs and the record, it appears Mullen successfully argued that because FPIC acknowledged in its third-party complaint that it had not yet paid the debt to its insureds, the subrogation claim was premature. The Third District Court of Appeal in National Union Fire Insurance Co. of Pittsburgh, Pennsylvania v. Southeast Bank, N.A., 476 So.2d 766, 767 (Fla. 3d DCA 1985), and Quinones v. Florida Farm Bureau Mutual Insurance Co., 366 So.2d 854,-855 (Fla. 3d DCA 1979), held that the right of subrogation does not arise until the judgment in the main action is entered or payment has been made.
FPIC urges this court to not adopt the Third District Court’s approach and instead adopt the approach set forth by both the Second District Court of Appeal in Attorneys’ Title Insurance Fund, Inc. v. Punta Gorda Isles, Inc., 547 So.2d 1250 (Fla. 2d DCA 1989), and the Fourth District Court of Appeal in Gortz, supra, which permits pleading a third-party action for equitable subrogation before the underlying debt has been paid.[3] In those cases, the courts declined to follow the rationale of National Union, reasoning that the plain language of Florida Rule of Civil Procedure 1.180(a) allows a defendant to serve a third-party complaint on a person not a party to the action who is or “may be liable” to the defendant for all or part of the plaintiffs claim against the *198 defendant. See Gortz, 769 So.2d at 487; Attorneys’ Title, 547 So.2d at 1251.
We agree with the Second District Court and Fourth District Court and decline to follow the Third District Court’s prohibition against the filing of third-party claims until the conclusion of the initial proceedings. This approach is consistent with the purpose of third-party practice under rule 1.180 in that it allows the disposition of interrelated claims in one action, thereby avoiding the multiplicity of suits. See Mims Crane Serv., Inc. v. Insley Mfg. Corp., 226 So.2d 836, 840 (Fla. 2d DCA 1969) (“To avoid multiplicity of actions [rule 1.180] permits the third party action to be instituted before judgment, so that the entire subject matter arising from one set of facts may be disposed of in one action.”). We further recognize, as did our sister courts, that the trial court always retains the discretion to either sever a third-party claim pursuant to Florida Rule of Civil Procedure 1.270(b) if the joinder of a third-party defendant could unfairly prejudice a plaintiffs orderly presentation of their claim or to otherwise dismiss an inappropriate third-party complaint if the action unfairly subjects the third-party defendant to litigation expenses for issues not directly related to the third-party claim. See Gortz, 769 So.2d at 488; Attorneys’ Title, 547 So.2d at 1252-53. Accordingly, we conclude that FPIC sufficiently pleaded a claim _ for equitable subrogation and that it was error to dismiss this claim.
Negligence
Finally, unlike the claims for common law indemnity and equitable subrogation, we are unable to glean from our record the likely rationale of the trial court in dismissing the negligence cause of action with prejudice. We have previously recognized that a third-party plaintiff must allege a claim for indemnification, subrogation, or contribution before it can assert any other claim against a third-party defendant. See, e.g., Rupp v. Philpot, 619 So.2d 1047 (Fla. 5th DCA 1993). Mullen asserts here and asserted below that FPIC has no standing to bring a cause of action for negligence on behalf of its insureds. Without explanation from the trial court, we are uncertain whether its dismissal was based upon lack of standing or whether the court concluded that once it dismissed the causes of action for indemnification and subrogation, then the remaining claim for negligence must also fail. In either event, we find that the court erred in dismissing the entire third-party complaint without allowing FPIC leave to amend. Florida Rule of Civil Procedure 1.190(a) provides in pertinent part: “A party may amend a pleading once as a matter of course at any time before a responsive pleading is served.... ” Because Mullen had filed a motion to dismiss, which is not a pleading, and had not yet filed a responsive pleading to the third-party action, FPIC had an automatic right to amend its third-party complaint, and the trial court had no discretion to deny its request for leave to amend. See Boca Burger, Inc. v. Forum, 912 So.2d 561, 566-68 (Fla.), as revised on denial of reh’g, (Sept. 29, 2005); Unrue v. Wells Fargo Bank, N.A., 161 So.3d 536, 538 (Fla. 5th DCA 2014).
Accordingly, we reverse and remand with directions to reinstate the third-party complaint as to the causes of action for common law indemnity and equitable sub-rogation, but without prejudice to the trial court’s right to sever or dismiss the third-party complaint if that action appears appropriate to the trial court under all the circumstances of the case. See Attorneys’ Title, 547 So.2d at 1252-53. Additionally, we reverse the dismissal of the negligence claim with prejudice. If the trial court concludes that this cause of action is not sufficiently pleaded, then it should grant *199 leave to amend to allow FPIC to refile its claim for negligence, if it chooses to do so.
REVERSED and REMANDED for proceedings consistent with this opinion.
SAWAYA, J., and McKIBBEN, K.J., Associate Judge, concur.

. The Smiths hired Mullen to perform plumbing services at their residence.

. In Houdaille, the court stated:
Although courts of this state have consistently premised the allowance of indemnity upon a special relationship between the primary defendant and the third-party defendant, confusion seems to have arisen over the usé of the labels employed to designate the conduct of the parties which will permit the party seeking indemnity to recover.... Regardless of what specific terms are em *197 ployed ... what they are really speaking of is fault or no fault.
Houdaille, 374 So.2d at 493 (citations omitted).

. Notwithstanding the conflict on this issue, Mullen’s counsel argues on appeal that "Florida Courts have consistently held that a party may not purse [sic] a claim for equitable subrogation until said party pays the entire debt owed.” (emphasis added). We remind counsel of her professional obligation and duty to the court to apprise the court of the correct status of the law.